Thomas SCHAEFER, Appellant–Petitioner,

v.

Atul KUMAR, Appellee–Respondent.

Nos. 45A03–0203–CV–94, 45A03–0302–CV–54.

Court of Appeals of Indiana.

March 3, 2004.

Edward R. Hall, Merrillville, IN, Attorney for Appellant.

James J. Nagy, Munster, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Thomas Schaefer appeals a summary judgment for Atul Kumar on Schaefer's complaint to set aside Kumar's tax deed for a parcel of real estate ("the property") located in Lake County.[1] Schaefer raises one issue on appeal, which we expand and restate as: 1) whether the trial court erred in granting summary judgment in favor of Kumar on the basis that Schaefer's complaint was barred by a one-year statute of limitation, and 2) whether the grant of summary judgment in favor of Kumar can be affirmed based upon any other theory supported by the designated materials.

We affirm.[2]

## FACTS AND PROCEDURAL HISTORY[3]

On September 23, 1998, Kumar purchased the property at a tax sale and was issued a tax sale certificate by the Lake County Auditor. On January 13, 2000, the trial court entered a judgment in favor of Kumar ordering the county auditor to issue a tax deed for the property to Kumar. On May 23, 2000, the county auditor issued Kumar the tax deed. On August 23, 2001, Schaefer filed a complaint to set aside the tax sale and tax deed

---

1. This is a consolidated appeal. In March of 2002, Schaefer sought to set aside the tax sale of the property to Kumar and Kumar's tax deed. Kumar moved for summary judgment and the trial court granted his motion. Schaefer appealed. After summary judgment was entered for Kumar, Kumar brought a complaint to quiet title to the property. While Schaefer's appeal was pending he brought, as a "cross-petitioner" in Kumar's quiet title action, a complaint against the county auditor and treasurer again seeking to have the tax sale declared invalid and to set aside the tax deed. Schaefer moved for summary judgment, and the same court that had granted summary judgment for Kumar in Schaefer's first action to set aside the tax sale this time granted summary judgment for Schaefer. As explained below, we find the trial court lacked jurisdiction to consider Schaefer's complaint as "cross-petitioner." Unless indicated otherwise, references to statements in the parties' appellate briefs are to the briefs submitted in the appeal of the trial court's first summary judgment for Kumar.

2. Kumar filed what he titled an "APPELLEES'S SUGGESTION OF DEATH" noting that Schaefer died while this appeal was pending. Pursuant to Ind. Appellate Rule 17(B), "The death or incompetence of any or all the parties on appeal shall not cause the appeal to abate. The death of the appellant abates a criminal appeal. Successor parties may be substituted for the deceased or incompetent parties." On May 28, 2003, we ordered Schaefer's counsel to substitute a proper party. He moved on July 23, 2003, to substitute Schaefer's estate and on July 31 we granted the motion. On August 21, Kumar moved to strike and/or dismiss the substitution on the ground only the personal representative of the estate could maintain a proceeding on Schaefer's behalf. Schaefer's counsel then filed on October 29 an amended motion to substitute proper party asking to substitute the personal representative. Kumar again objected, this time on the ground the estate has co-representatives and only one was named in the amended motion to substitute. We grant Schaefer's amended motion.

3. Kumar moved to strike statements contained in Schaefer's appellate brief that are based on evidence not submitted to the trial court and not contained in Schaefer's appendix. It is well settled that matters outside the record cannot be considered by this court on appeal. *Rothschild v. Devos*, 757 N.E.2d 219, 221 n. 2 (Ind.Ct.App.2001). We must decide the case on the record before us and cannot speculate as to the actual facts of a case. *Id.* Accordingly, we grant Kumar's motion to strike.

within the tax sale proceeding. Schaefer alleged he had not received notice of the tax sale as required by Ind.Code § 6–1.1–24–4, notice of right of redemption as required by Ind.Code § 6–1.1–25–4.5, and notice of petition for tax deed as required by Ind.Code § 6–1.1–25–4.6.[4]

▮ Kumar moved for summary judgment arguing Schaefer's complaint was barred by the one-year statute of limitation under Ind. Trial Rule 60(B). Kumar also filed a motion *in limine*[5] seeking to exclude Schaefer's evidence challenging the validity of Kumar's tax sale certificate. Schaefer moved for summary judgment and designated evidence in support of his contention that the notice of tax sale was defective. Schaefer's designated evidence included a copy of the county auditor's transfer record for the property; the affidavit of Doug Hensley, the Lake County Chief Deputy Auditor; and a copy of an envelope of a returned piece of certified mail the county auditor's office sent to Schaefer.

The transfer record is not a model of clarity but indicates the address of the property is "9730 CLARK ST" and that John Schaefer was the previous owner of the property. The transfer record lists John Schaefer's Louisiana address. (Appellant's App. at 69.) The following entry is dated November 2, 1995:

ADD CHG PER DEC OWNER'S SON (walk-in):
5208 W 101st Ave % Tom Schaefer, Crown Point, IN 46307

(*Id.*) The next entry indicates that on November 30, 1996, ownership of the property was transferred to:

THOMAS M. SCHAEFER
9730 CLARK ST. ST. JOHN 46373

(*Id.*)

The deputy auditor's affidavit provides in pertinent part that:

---

4. Kumar argues Schaefer's action to set aside the tax sale and tax deed is an improper procedure to challenge a tax deed because Kumar did not appeal the order directing the issuance of the tax deed as required by Ind. Code § 6–1.1–25–4.6(h). We disagree. Ind. Code § 6–1.1–25–4.6(h) provides that "[a] tax deed issued under this section is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed." The proper procedure for appealing the issuance of a tax deed is a motion for relief from judgment under Ind. Trial Rule 60. *Kessen v. Graft,* 694 N.E.2d 317, 320 (Ind.Ct. App.1998), *trans. denied* 706 N.E.2d 172 (Ind. 1998).

Although Schaefer filed what he titled a "complaint" instead of an "appeal," his complaint was filed in the same court and under the same cause number as the proceeding wherein Kumar's petition for issuance of the tax deed for the property was granted. Schaefer's complaint alleged the tax deed was void because he had not been given notice of the tax sale proceedings. Accordingly, in hopes of resolving this particularly contentious and time-consuming litigation, we will deal with Schaefer's complaint as an appeal

from the order of the court directing issuance of the tax deed.

5. Kumar argues the trial court properly granted summary judgment in his favor because "[a]ny evidence upon which [Schaefer] relies is suppressed by the Court's ruling granting [Kumar's] motion *in limine.*" (Appellee's Br. at 19.) Schaefer responds that "since Schaeffer' [sic] challenge is to the Tax sale, this motion in limine is mute [sic] as it deals with the tax certificate." (Appellant's Reply Br. at 7.) However, this case did not involve a jury trial and therefore Kumar's motion *in limine* was improper. *See Baldwin v. Inter City Contractors Serv. Inc.,* 156 Ind. App. 497, 297 N.E.2d 831, 834 (1973). Motions *in limine* are limited to jury trials and "have no place or use" in court trials. *Id.* The purpose of a motion *in limine* is to prevent the display of potentially prejudicial material *to the jury* until the trial court has the opportunity to rule on its admissibility. *Palmer v. State,* 640 N.E.2d 415, 419 (Ind.Ct. App.1994). We accordingly decline to hold the grant of the motion *in limine* had the effect of suppressing evidence before the court in this bench trial.

4. I have personally inspected the files and documents relevant to the subject properties and have found that;

    a. The Records contained in the Auditors Office note a change in the address to where the tax bills were to be sent pursuant to a conversation with someone who claimed to be the son of the recorded property owner. This is in violation of our policy which requires a written directive from the taxpayer to change the location to where property tax bills are to be sent.

    b. The Auditor's office sent the actual notices to the new address which was vacant property and said notices were returned unclaimed. No actual notices were sent to any other address for the property owner of the subject property as required by IC 6–1.1–24–4, notifying him of the sale of the subject properties for delinquent taxes.

(*Id.* at 70.)

The envelope for the returned piece of certified mail from the county auditor's Office to Schaefer is postmarked July 16, 1998, and addressed to:

SCHAEFER, THOMAS M
9730 CLARK ST
ST JOHN IN 46373–0000

(*Id.* at 72.) It is marked returned to sender because there is no such street or number.

Kumar responded to Schaefer's motion for summary judgment by designating an affidavit from Kumar's attorney and exhibits attached thereto indicating the attorney had sent Schaefer the notice of the right of redemption as required by Ind.Code § 6–1.1–25–4.5 and the notice of the petition for tax deed as required by Ind.Code § 6–1.1–25–4.6.[6] Copies of the returned envelopes indicate that the two notices were sent to Schaefer at both the 9730 Clark Street address and the 5208 W. 101st Avenue address. However, the envelopes are all marked as being returned to sender. The envelopes for the notices sent to the 5208 W. 101st Avenue address are marked as being returned to sender because they were unclaimed.

On March 8, 2002, during the hearing on the motions for summary judgment, the trial court granted Kumar's motion *in limine*. At the conclusion of a hearing on the motions for summary judgment, the trial court stated "[Kumar's] Motion for Summary Judgment will be granted and if [Kumar's attorney] would submit within seven days an order for the Court's approval and signature." (*Id.* at 25.) The Chronological Case Summary ("CCS") indicates on March 12, 2002, "Summary Judgment entered for Atul Kumar against Schaefer on key # 09–11–0027–0004." (*Id.* at 1.) On March 20, 2002, Schaefer filed his Notice of Appeal.

■■■ The trial court's written order granting summary judgment in favor of Kumar and denying Schaefer's motion for summary judgment indicates it was signed by the judge and filed on April 1, 2002.[7] The order provides in pertinent part that:

---

6. Kumar also designated evidence that the notices had been published in a local newspaper.

7. In the Statement of the Case portion of his appellate brief, Kumar appears to be moving to dismiss this appeal on the ground Ind. Appellate Rule 9(A)(1) requires "the Notice of Appeal be filed *after* the judgment." (Appellee's Br. at 5) (emphasis in original). Schaefer's Notice of Appeal filed on March 20, 2002, purports to appeal a final determination dated March 8, 2002. Kumar contends that although the hearing on the motions for summary judgment was held on that date and the

The Court furthermore FINDS that the Respondent, ATUL KUMAR, received a valid Tax Sale Certificate dated the 23rd day of September, 1998, from the Auditor of Lake County and a valid Tax Deed dated May 23, 2000, from the Auditor of Lake County for the purchase of the following described real estate, to wit:

[description of the property]

The Court furthermore FINDS that the Petitioner, Thomas Schaefer, has failed to establish any valid legal or equitable defense to deny the issuance of the Tax Deed to the Respondent, ATUL KUMAR, and that the sale of the above-said real estate on the 23rd day of September, 1998, by the Auditor of Lake County and the issuance of the Tax Sale Certificate to the Respondent, ATUL KUMAR, should be and is in all respects confirmed and approved.

(*Id.* at 3–4.)

## TRIAL COURT JURISDICTION IN THE SECOND ACTION

■ A trial court "does not have jurisdiction to continue with a case *concerning matters from which an appeal is taken* as long as that appeal is pending." *Schumacher v. Radiomaha, Inc.*, 619 N.E.2d 271, 273 (Ind.1993) (emphasis supplied). "The purpose of viewing jurisdiction in this formalistic manner is to facilitate 'the orderly presentation and disposition of appeals and [prevent] the confusing and awk-ward situation of having the trial and appellate courts simultaneously reviewing the correctness of the judgment.'" *Id.* (quoting *Coulson v. Ind. & Mich. Elec. Co.*, 471 N.E.2d 278, 279 (Ind.1984)).

Our supreme court stated in *Westfall v. Wait*, 161 Ind. 449, 68 N.E. 1009, 1010 (1903):

It seems to be thoroughly settled by the decisions of the American courts that an appeal from a final judgment rendered generally upon the issues in a cause, when properly perfected, carries the whole case embraced within the final adjudication absolutely from the jurisdiction of the trial court to the appellate tribunal.... Where an appeal has been perfected, the jurisdiction of the appellate court over the subject-matter and parties attaches, and the trial court has no power to render any further decision affecting the rights of the parties in the cause until it is remanded[.] ... At the bottom of the rule is the infeasibility of two courts having authority over the same case at the same time. The right to retax costs, to correct the record of the trial proceedings, to enforce the judgment when not stayed by order or supersedeas, and the like, remain in the trial court as incidents essential to the perfection and effectiveness of the litigation; but after the case the parties made has been finally adjudicated, and the parties dismissed from further attend-

judge indicated he was going to grant summary judgment in favor of Kumar, the trial court did not actually enter the summary judgment until April 1, 2002. Therefore, Kumar contends Schaefer's appeal must be dismissed because it was filed prior to the entry of judgment.

App. R. 9(A)(1) provides in part that "A party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment." "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited...." App. R. 9(A)(5). Although it appears an order granting summary judgment was signed and filed on April 1, 2002, the CCS also indicates the judgment was entered on March 12, 2002. As the CCS indicates the judgment was entered prior to Schaefer's Notice of Appeal, we decline to find the notice of appeal was premature. To the extent Kumar's Statement of the Case can be construed as including a motion to dismiss the appeal, we deny the motion.

ance upon court, or the case transferred to another jurisdiction by appeal, there remains in the trial court no power to ... reopen the issues and extend the litigation between the parties affecting the subject-matter of the appeal[.]

■ This rule serves two important interests. It furthers judicial economy in that it spares the trial court from passing on questions that may well be rendered moot by the appellate court's decision. It also promotes fairness to the parties, who might otherwise be forced, as a matter of tactics, to fight a "two front war" for no good reason. *Shewchun v. United States,* 797 F.2d 941, 943 (11th Cir.1986). It is apparent that both those interests are implicated in the case before us, and both purposes are served by our determination the trial court lacked jurisdiction to entertain Schaefer's complaint as "cross-petitioner" against the county recorder. We accordingly review only the first summary judgment in Kumar's favor.

## STANDARD OF REVIEW

On appeal from summary judgment, we face the same issues that were before the trial court and follow the same process. *Reeder Associates II v. Chicago Belle, Ltd.,* 778 N.E.2d 828, 831 (Ind.Ct.App. 2002), *trans. denied* 792 N.E.2d 42 (Ind. 2003). Summary judgment is appropriate only where the designated evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.;* T.R. 56(C). A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Commercial*

*Coin Laundry Sys. v. Enneking,* 766 N.E.2d 433, 438 (Ind.Ct.App.2002).

The party appealing a summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Maudlin v. Hall,* 700 N.E.2d 469, 471 (Ind.Ct.App.1998). We consider only those matters that were designated at the summary judgment stage. *Commercial Coin,* 766 N.E.2d at 438. We do not reweigh the evidence, but we liberally construe all designated evidence in the light most favorable to the nonmoving party, in this case Schaefer. *See id.* A grant of summary judgment may be affirmed on any theory supported by the designated materials. *Id.* at 438–39.

## STATUTORY SCHEME

■ If an owner of real estate fails to pay the property taxes, the property may be sold to satisfy the tax obligation. The tax sale process is a purely statutory creation and requires material compliance with each step of the governing statutes, Ind.Code §§ 6–1.1–24–1 through –14 (sale) and 6–1.1–25–1 through –19 (redemption and tax deeds).[8] *Reeder Associates II,* 778 N.E.2d at 831. The issuance of a tax deed creates a presumption that a tax sale and all of the steps leading up to the issuance of the tax deed are proper. However, this presumption may be rebutted by affirmative evidence to the contrary. *Id.* Title conveyed by a tax deed may be defeated if the three notices required by Ind.Code §§ 6–1.1–24–4 (notice of tax sale), 6–1.1–25–4.5 (notice of the right of redemption), and 6–1.1–25–4.6 (notice of petition for tax deed) were not in substantial compliance with the requirements prescribed in those sections. *Id.;* Ind.Code § 6–1.1–25–16(7).

---

8. The statutes governing tax sales have been amended since the events in this case occurred. Accordingly, citations to these stat-

utes, unless otherwise noted, are to the 1998 edition of the Indiana Code, which was the version in effect at that time.

The first required notice is the notice of tax sale set forth in Ind.Code § 6–1.1–24–4(a). That section provides that prior to a tax sale the county auditor must send notice of the tax sale "by certified mail to the owner or owners of the real property at their last known address." *Id.*

The second required notice is the notice of the right of redemption. Ind.Code § 6–1.1–25–4.5(a)(3) provides that a purchaser is entitled to a tax deed to the property at issue only if the purchaser:[9]

> gives notice of the sale, the date of expiration of the period of redemption, and the date on or after which a petition for the tax deed will be filed to the owner and any person with a substantial property interest of public record in the tract or real property.

Subsection (b) provides in pertinent part that this notice is to be sent by:

> certified mail to the parties described in subsection (a) at their last known address. However, if the address of the owner or person with a substantial property interest of public record upon diligent inquiry cannot be located ... notice may be given by publication ... once each week for three (3) consecutive weeks.

Ind.Code § 6–1.1–25–4.5(b).

The third notice that must be given is the notice of the petition for tax deed. Ind.Code § 6–1.1–25–4.6(a) provides that if the property is not redeemed from the tax sale, notice of the petition to issue a tax deed must be given as follows:

> Notice of the filing of this petition and the date on or after which the petitioner intends to make application for an order

on the petition shall be given to the owner and any person with a substantial interest of public record in the tract or real property in the same manner as provided in section 4.5 of this chapter, except that only one (1) publication is required.

## DISCUSSION AND DECISION

### 1. *Statute of Limitation*

■ Schaefer argues the trial court erroneously found his complaint was barred by the one-year statute of limitation contained in T.R. 60(B). Kumar notes the trial court's order granting summary judgment was not explicitly based on the statute of limitation, but asserts summary judgment can be affirmed on that basis.

■ A motion for relief from judgment must be brought within one year of the judgment for certain reasons and within a reasonable time for others. T.R. 60(B). T.R. 60(B) provides in pertinent part that:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
>
> * * *
>
> (6) the judgment is void.

A tax deed is void if the former owner was not given constitutionally adequate notice of the tax sale proceedings. *Kessen,* 694 N.E.2d at 320. Pursuant to T.R. 60(B), a motion for relief from judgment alleging that the judgment is void must be "filed within a reasonable time."

---

9. Ind.Code § 6–1.1–25–4.5(a)(3) provides this notice is given by:
   (A) the purchaser or assignee; or
   (B) in a county having a consolidated city, a county having a population of more than two hundred thousand (200,000) but less than four hundred thousand (400,000), or a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor. It appears Kumar, as the tax sale purchaser, and not the county auditor gave this notice.

Schaefer's complaint alleged Kumar's tax deed is void because Schaefer was not given notice of the tax sale proceedings. Therefore, Schaefer is correct that the time period for bringing his motion was not limited to one year.[10] As the statute of limitation issue was the only issue raised in Kumar's motion for summary judgment, Schaefer argues summary judgment in favor of Kumar should be reversed. However, it does not appear from the trial court's summary judgment order that it granted summary judgment for Kumar solely on the basis of the statute of limitation. The summary judgment order explicitly states Schaefer "failed to establish any valid legal or equitable defense to deny the issuance of the Tax Deed." (Appellant's App. at 4.) This indicates that despite any statute of limitation problem the trial court decided Schaefer was not entitled to relief.

Moreover, a grant of summary judgment may be affirmed on any theory supported by the designated materials. *Commercial Coin*, 766 N.E.2d at 438–39. Although the statute of limitation issue was the only issue raised in Kumar's motion for summary judgment, Schaefer's cross-motion for summary judgment and designated evidence in support thereof raised the issue of whether he received adequate notice of the tax sale proceedings. T.R. 56(B) provides that "[w]hen any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." Therefore, although it was Schaefer who alleged he was entitled to summary judgment based on his claim that he did not receive the notices of the tax sale proceedings, the trial court was not precluded from finding Kumar was entitled to summary judgment on that theory.

Having determined Kumar was not entitled to summary judgment based on the T.R. 60(B) one-year statute of limitation, we now turn to whether the trial court's grant of summary judgment can be affirmed based on any other theory supported by the designated materials.

## 2. *Summary Judgment Based on Any Other Theory*[11]

Schaefer argues Kumar's tax deed is void because Schaefer was not given notice of the tax sale as required by Ind.Code § 6-1.1-24-4. Schaefer contends that once the notice of the tax sale sent to him at 9730 Clark Street was returned as being undeliverable, the county auditor should have sent the notice to Schaefer at the 5208 W. 101st Avenue address, as this

10. Kumar does not argue Schaefer's complaint was not filed within a "reasonable time."

11. Kumar argues the summary judgment should be affirmed because Schaefer failed "to name a necessary party to this proceeding whose presence is necessary, if, in his absence, full relief cannot be awarded among the existing parties. The omitted names are the Auditor of Lake County, John Schaefer, and/or the Estate of John Schaefer." (Appellee's Br. at 3.) Kumar fails to explain why full relief cannot be awarded among the existing parties, and we therefore decline to consider that argument on appeal. *See* App. R. 46(A)(8)(a), 46(B); *and see Young v. Butts*, 685 N.E.2d 147, 150 (Ind.Ct.App.1997). Furthermore, even if other parties should have been joined, Kumar waived this issue in the first action by failing to so move. *See Ligon Specialized Hauler, Inc. v. Hott*, 179 Ind.App. 134, 384 N.E.2d 1071, 1076 (1979) ("We will not allow a party to sit idly by until appellate review before presenting appropriate motions for the joinder of additional parties. To hold otherwise would be to transform such trials into quagmires of competing irrelevancies[.]") As many of our prior and subsequent footnotes indicate, that policy concern is particularly pertinent to the case before us.

alternate address was listed for Schaefer in the transfer record for the property.

■ Ind.Code § 6–1.1–25–16 provides in pertinent part:

A person may, upon appeal, defeat the title conveyed by a tax deed ... only if:

* * *

(7) the notices required by IC 6–1.1–24–4, and sections 4.5 and 4.6 of this chapter were not in substantial compliance with the manner prescribed in those sections.

Schaefer does not challenge the adequacy of the notice of the right of redemption (Ind.Code § 6–1.1–25–4.5) or notice of the petition for tax deed (Ind.Code § 6–1.1–25–4.6). Accordingly, we assume those notices were given in substantial compliance with the procedure prescribed in those sections. Essentially, Schaefer asks us to focus solely on the notice of the tax sale.[12]

Ind.Code § 6–1.1–24–4(a) requires that, prior to a tax sale, the county auditor send notice of the tax sale "by certified mail to the owner or owners of the real property at their last known address." When the property was sold at a tax sale in 1998, the most recent address listed for Schaefer in the county auditor's transfer record for the property was 9730 Clark Street. This is the address where the county auditor sent the notice of the tax sale by certified mail.

However, Schaefer contends this notice was not in substantial compliance because due process required the auditor send the notice of the tax sale to the alternate address listed for Schaefer in the transfer record. Our supreme court stated in *Tax Certificate Investments, Inc. v. Smethers*, 714 N.E.2d 131 (Ind.1999):

[A] state must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" prior to taking steps that will affect a protected interest in life, liberty, or property. Notice is constitutionally adequate when "the practicalities and peculiarities of the case ... are reasonably met."

*Id.* at 133–34 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

Schaefer cites *McBain v. Hamilton County*, 744 N.E.2d 984 (Ind.Ct.App.2001), *reh'g denied*, in support of his argument that the county auditor, on receipt of the returned notice of tax sale, should have sent the notice to the alternate address listed for him in the transfer record. In *McBain*, notice of the tax sale was sent to the most recent address the auditor's office had on file for the McBains. The notice was returned by the post office to the auditor with a notation indicating that the order to forward the McBains' mail to their new address in Tennessee had expired and it listed the new address. The auditor did not send the notice to the Tennessee address and the McBains' property was sold at tax sale. After the tax sale, but before a tax deed was issued for the property, the McBains learned of the tax sale and attempted to pay the balance of the back taxes. The auditor refused the payment because the amount the McBains were required to pay to redeem the property after the tax sale was more than the

---

12. Kumar argues Schaefer was not entitled to any notices because Schaefer "introduced no evidence that he is the owner of the real estate and/or a person having a substantial property interest of public record at the time the real estate was sold for delinquent real estate taxes." (Br. of Appellee at 16.) The county auditor's transfer record lists Schaefer as the owner of the property when it was sold to Kumar. Therefore, summary judgment cannot be affirmed on the basis that Schaefer was not entitled to notice.

amount of the back taxes the McBains had offered to pay.

The trial court denied the McBains' petition to set aside the tax sale and we reversed. We stated due process required the auditor to send the notice of the tax sale to the subsequently discovered new address for the McBains because the address was listed on the returned envelope for the tax sale notice. *Id.* at 989. We held that the subsequent tax sale was invalid because the notice failed to meet the "practicalities and peculiarities" of the case and deprived the McBains of notice reasonably calculated under all the circumstances to apprise them of the pendency of the tax sale and to afford them an opportunity to present their objections. *Id.*

The McBains were challenging the validity of the tax sale. A tax sale merely creates a lien in the purchaser and does not transfer title. *Anton v. Davis,* 656 N.E.2d 1180, 1184 (Ind.Ct.App.1995), *reh'g denied, trans. denied.* The McBains were essentially challenging the amount of the lien on their property. Ownership of the McBains' property had not yet been transferred to the tax sale purchaser. The designated evidence in the case before us indicates Schaefer was given notice of the right of redemption and the notice of petition for tax deed. These notices were sent by certified mail to Schaefer's correct address, 5208 W. 101st street, and were returned by the post office with the notation they were "unclaimed." (Appellee's App. at 8, 13.) The notices indicated Kumar had bought the property at a tax sale, Kumar was seeking issuance of a tax deed, Schaefer was entitled to appear at the hearing on the petition for tax deed, and title to the property would be transferred to Kumar unless Schaefer redeemed the property. These notices provided Schaefer with the opportunity to redeem the property or to contest the tax sale based on the county auditor's failure to send the notice to the alternative address before the property was transferred to Kumar. Schaefer failed to do so and the tax deed was issued to Kumar.

Schaefer's argument that he was not afforded due process is too narrow in its scope. Whether the tax sale, taken in isolation, could have been declared invalid based on the county auditor's failure to send the tax sale notice to an alternative address is no longer the relevant inquiry.

In determining whether Schaefer was afforded due process, we look not just to the notice of the tax sale, but also to the other notices sent to him. Because Schaefer was provided adequate notice of the right of redemption and the petition for tax deed, he cannot now complain that his due process rights concerning the property were violated because he did not receive the notice of the tax sale. Although the county auditor could have sent the notice of the tax sale to the alternate address once it was returned, the failure to do so does not render the notice of the tax sale out of substantial compliance with Ind. Code § 6–1.1–24–4 for purposes of defeating the tax deed. We cannot say the trial court erred in granting summary judgment in favor of Kumar.

## CONCLUSION

Schaefer's complaint was not barred by the one-year statute of limitation contained in T.R. 60(B). However, we affirm the grant of summary judgment for Kumar because the designated evidence failed to establish the notice of tax sale did not substantially comply with the require-

ments of Ind.Code § 6–1.1–24–4.[13]

Affirmed.

FREIDLANDER, J., and HOFFMAN, Sr. J., concur.

**13.** In the final paragraph of the argument section of his brief, Kumar states, without further explanation, "This is a frivolous appeal. The Appellee requests that the attorney fees and expenses of Appellee's attorney be assessed as damages to be recovered from the Appellant." (Appellee's Br. at 23.) Kumar's request for appellate attorney fees and expenses is denied. *See Butcher v. Girl Scouts of Tribal Trails Council, Inc.*, 779 N.E.2d 946, 950–51 (Ind.Ct.App.2002) (addressing standards for "frivolous" or "unreasonable" claims justifying award of attorneys fees).

We note that even could Schaefer's claims be characterized as frivolous or unreasonable, we would be disinclined to award attorney fees to either party due to both counsels' numerous violations of our rules and numerous arguments and motions by both parties, which arguments and motions delayed the proceedings, often obscured the issues and otherwise impaired our ability to review the proceedings below, and in some cases could be characterized as wholly trivial in nature (i.e., Kumar's argument premised on his counsel's motion *in limine* discussed at length above). Kumar purports to make motions to dismiss Schaefer's appeal at least three times in his Statement of the Case alone. (*See* Appellee's Br. at 5, 6.) Both counsel sought in both appeals extensions of time to file the briefs, and Schaefer's counsel even submitted a "Motion to [sic] Leave to File Belated Reply Brief Late [sic]."

Both counsel presented Statements of the Case and Statements of the Facts that were rife with argument, which is inappropriate in those parts of an appellate brief. *County Line Towing, Inc. v. Cincinnati Ins. Co.*, 714 N.E.2d 285, 289–90 (Ind.Ct.App.1999). We remind both counsel that a Statement of the Facts should be a concise narrative of the facts stated in a light most favorable to the judgment and should not be argumentative. *Id.; and see* App. R. 46(A)(6), 46(B). The Statements of the Facts and of the Case both counsel provided were, by contrast, transparent attempts to discredit either the judgment or the opponent's argument and were clearly not intended to be a vehicle for informing this court. For example, Kumar's counsel offered as "facts" such legal conclusions and argumentative statements as:

It appears that the Appellant's total argument for setting aside the respondent's tax deed are [sic] the acts and/or omissions of the Lake County Auditor, who is not named as a party to this proceeding as required by Trial Rule 19. This argument is waived due to the failure of the Appellant to join the Lake County Auditor as a party.

(Appellee's Br. at 10.) Schaefer's counsel, for his part, offered as "facts" statements such as: "Kumar was the successful bidder at the tax sale on the subject property, but because the notices of the tax sale were deficient, said sale was *void ab initio*, and any certificates or deeds resulting from said sale are likewise void." (Appellant's Br. at 7.) Similar objectionable statements were included in the briefs both parties submitted in the appeal of the second trial court judgment prior to the consolidation of the appeals.