**FOR PUBLICATION**

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**ANGELA S. JOSEPH**
Office of Corporation Counsel
Indianapolis, Indiana

FILED
Jul 03 2013, 6:59 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BOOKER T. PRINCE, JR., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1210-MI-835 |
| | ) | |
| MARION COUNTY AUDITOR and | ) | |
| MARION COUNTY TREASURER, | ) | |
| | ) | |
| Appellees-Petitioners. | ) | |

APPEAL FROM THE MARION CIRCUIT COURT
The Honorable Louis Rosenberg, Judge
The Honorable Mark A. Jones, Master Commissioner
Cause No. 49C01-1009-MI-040603

**July 3, 2013**

**OPINION - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Booker T. Prince, Jr., appeals the trial court's denial of his motion for relief from judgment. We affirm.

## ISSUES

Prince raises two issues, which we restate as:

I. Whether the trial court abused its discretion in determining that the application for judgment and order for sale of Prince's property of the Marion County Auditor and Marion County Treasurer (collectively, "the officials") substantially complied with statutory requirements.

II. Whether the trial court abused its discretion in determining that the officials' notices to Prince regarding the tax sale process met the requirements of due process.

## FACTS AND PROCEDURAL HISTORY

In 2003, Prince purchased two adjoining parcels of land in Indianapolis. One parcel has an apartment building and the other parcel is a parking lot. Prince hired a building manager, who worked in an office in the building. Subsequently, Prince moved to California and provided the Auditor with a California post office box for receipt of correspondence. The Auditor also had the apartment building's street address, but Prince did not provide the unit or apartment number for the building's office.

Prince failed to pay property taxes on the building and the parking lot. In August 2010, the Auditor sent a "Notice of Tax Sale" to Prince at the apartment building's address. Ex. Vol., Ex. A. The Auditor also sent copies of the notice to Prince at his California post office box via first class mail and certified mail. The copy of the notice that the Auditor sent to the apartment building came back marked "return to sender,

2

vacant, unable to forward." Ex. Vol., Ex. C. Prince received the copy of the notice that was sent to his California post office box by certified mail and signed for it. However, the notice was stolen out of his car before he opened it. The notice that the Auditor sent to Prince's box via first class mail was not returned. The notice of tax sale advised that Prince's parcels would be sold at a tax sale on or after September 15, 2010, unless the taxes were paid prior to that date. Prince did not pay the taxes due.

On September 15, 2010, the officials filed with the trial court an application for judgment and order for sale, seeking permission to sell several parcels of land, including the parcels at issue here. On October 4, 2010, the trial court issued a judgment and order for the sale of Prince's parcels. On October 8, 2010, the parcels were sold to Marion County at a tax sale. After the tax sale, the Auditor hired a title company to perform a title search on Prince's parcels to uncover any additional addresses for Prince. No additional addresses were found.

On January 3, 2011, the Auditor sent Prince a notice informing him that his parcels had been sold at a tax sale and that he had a right to redeem them. The Auditor sent a copy to the apartment building by first class mail and sent copies to Prince's California post office box by first class mail and certified mail. At that time, Prince had begun using a different post office box. He did not inform the officials of his new address, but he had arranged to have mail that arrived at his old post office box forwarded to the new box. Once again, the copy of the notice that the Auditor sent to the apartment building came back marked "return to sender, vacant, unable to forward." Ex. Vol., Ex. E. Furthermore, Prince did not claim the copy that was sent to his post office box via

3

certified mail. However, the copy that the Auditor sent to his post office box via first class mail was not returned.

Next, in May 2011, the Auditor sent Prince a notice that a petition had been filed with the trial court to issue a tax deed on or after June 10, 2011. Once again, the Auditor sent a copy to the apartment building by first class mail and sent copies to Prince's California post office box by first class mail and certified mail. The copy of the notice that the Auditor sent to the apartment building came back marked "return to sender, vacant, unable to forward." Ex. Vol., Ex. G. However, the copy that the Auditor sent to Prince's post office box via first class mail was not returned.

Subsequently, Prince received a call from the manager of his apartment building, who told him that several individuals had arrived at the building and asserted that they were the new owners.[1] After receiving this information, Prince filed a motion for relief from judgment, asking the court to set aside the judgment and order for sale. The court held an evidentiary hearing. After the hearing, the trial court concluded as follows:

> The Auditor's efforts to notify Prince of the sale, redemption period and issuance of the tax deed were constitutionally and statutorily sufficient. The failure to include the dates of notice and publication in the Application does not cause the Judgment And Order For Sale—and thus the sale itself—to be void; there was substantial compliance with the statute, and the Application did not mislead or otherwise prejudice Prince. Prince's Motion For Relief From Judgment is DENIED.

Appellant's App. p. 15. This appeal followed.

---

[1] The record does not reveal the identity of these individuals or whether Marion County had, in fact, sold or otherwise transferred the parcels to them.

DISCUSSION AND DECISION

Motions for relief from judgment are governed by Indiana Trial Rule 60(B). Prince cited Rule 60(B)(6) in his motion. That rule provides, in relevant part, "On motion and upon such terms as are just the court may relieve a party or his legal representatives from a judgment, including a judgment by default, for the following reasons . . . the judgment is void."

The decision of whether to grant or deny a Trial Rule 60(B) motion for relief from judgment is within the sound, equitable discretion of the trial court. *Stonger v. Sorrell*, 776 N.E.2d 353, 358 (Ind. 2002). We will not reverse a denial of a motion for relief from judgment in the absence of an abuse of discretion. *Id.* A trial court abuses its discretion if its decision clearly contravenes the logic and effects of the facts and circumstances or if the trial court has misinterpreted the law. *Purcell v. Old Nat'l Bank*, 972 N.E.2d 835, 843 (Ind. 2012).

In addition, where, as here, the trial court enters special findings and conclusions, our standard of review is two-tiered. *Stonger*, 776 N.E.2d at 358. First, we determine whether the evidence supports the findings, and second, whether the findings support the judgment. *Id.* The findings and conclusions will be set aside only if they are clearly erroneous. *Id.* The evidence is viewed in the light most favorable to the judgment, and we will defer to the trial court's factual findings if they are supported by the evidence and any legitimate inferences therefrom. *Marion Cnty. Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 216-17 (Ind. 2012). Legal conclusions are reviewed de novo. *Id.*

5

## I. ADEQUACY OF APPLICATION FOR JUDGMENT AND ORDER FOR SALE

Prince argues that the trial court's order authorizing the sale of his parcels was void because the officials' application failed to comply with statutory requirements.

When an owner of real estate fails to pay property taxes, the property may be subject to sale in settlement of the delinquent taxes. *Id.* at 217. The tax sale process is a purely statutory creation and requires material compliance with each step of the statutes, Indiana Code sections 6-1.1-24-1 through -15 (sale) and 6-1.1-25-1 through -19 (redemption and tax deeds).[2] *Schaefer v. Kumar*, 804 N.E.2d 184, 191 (Ind. Ct. App. 2004), *trans. denied*. The issuance of a tax deed creates a presumption that a tax sale and all of the steps leading up to the issuance of the tax deed are proper. *Id.* However, this presumption may be rebutted by affirmative evidence to the contrary. *Id.*

As part of the tax sale process, the county treasurer and county auditor must file an application for judgment and order for tax sale with a court and receive the court's permission to proceed with the tax sale. Ind. Code § 6-1.1-24-4.6 (2007). This statute provides, in relevant part:

> Application for judgment and order for sale shall be made as one (1) cause of action to any court of competent jurisdiction jointly by the county treasurer and county auditor. The application shall include the names of at least one (1) of the owners of each tract or item of real property, the dates of mailing of the notice required by sections 2 and 2.2 of this chapter, the dates of publication required by section 3 of this chapter, and the affidavit and corrected list as provided in subsection (a).

Ind. Code § 6-1.1-24-4.6(b).

---

[2] Prince cites *Marra v. Clapp*, 255 Ind. 97, 262 N.E.2d 630 (1970), for the principle that a party following a process set forth by statute must strictly comply with the terms of the statute. *Marra* addresses an election contest, not a tax sale. We conclude that *Schaefer* and its antecedents, which directly address tax sales and require material, rather than strict, compliance with statutory requirements, are applicable here.

Here, the officials filed an application for judgment and order for tax sale for with the trial court on September 15, 2010. The officials concede the application lacked the dates of mailing of the pre-sale notice and the dates of publication for the parcels at issue. However, they argue that the application nonetheless materially complied with the requirements of the statute.

Prince claims the affidavit the officials attached to their application is defective because it lacks a notarial seal.[3] As a general rule, all notarial acts must be attested by a seal. Ind. Code § 33-42-2-4 (2004). Our Supreme Court, however, does not require strict compliance with this requirement. *See Brown v. N. Ind. Land Co.*, 185 Ind. 520, 112 N.E. 525, 527 (1916) (reversing the trial court's decision to dismiss a case due to an affidavit's lack of a notarial seal and holding that the appellant had substantially complied with the requirements for an affidavit).

In this case, the officials provided Prince with notice of the sale, as they asserted in their affidavit. Prince does not dispute signing for the certified copy of the notice that they sent to his California post office box.[4] Furthermore, Prince does not dispute that he

---

[3] Prince further notes that the record contains two versions of the affidavit, both of which bear a September 15, 2010 file-mark. The version that is attached to the trial court's ruling on Prince's motion for relief from judgment contains the notary public's signature, the date of execution, the county, and the date the notary's commission expired. The version Prince attached to his motion for relief from judgment lacks the date of execution and the date the notary's commission expires. Prince fails to explain why there are two versions of the affidavit. We shall consider the more complete version of the affidavit to be valid in the absence of evidence or argument to the contrary, and the sole defect in that version is the absence of a notarial seal.

[4] Prince argues for the first time in his reply brief that the officials could not have known at the time they filed the application that they had provided Prince with proper notice because the certified mail receipt did not come back until after the officials had filed the application. We disagree. The Auditor had sent copies of the notice of tax sale to Prince's California post office box by first class mail and certified mail,

7

owed property taxes on the parcel, as stated in the officials' affidavit. Prince also fails to explain how he was prejudiced by any defects in the application, because the officials were not required to send him a copy and he did not see it until after he had been informed that the parcels had been sold. In addition, the application stated Prince's name, identified the parcels at issue, and stated the amount of property taxes due. While it would have been better for the court to require the officials to provide all of the information set forth in Indiana Code section 6-1.1-24-4.6(b), there is sufficient evidence to support the trial court's findings and conclusions that the application substantially complied with the statutory requirements. The trial court did not abuse its discretion.

## II. NOTICE TO PRINCE

Prince claims that the officials failed to provide him with adequate notice of the sale of his properties, thereby depriving him of due process of law. Before the government may sell property due to unpaid property taxes, the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires the government to provide the owner with "notice and opportunity for hearing appropriate to the nature of the case." *Sawmill Creek*, 964 N.E.2d at 217 (quoting *Jones v. Flowers*, 547 U.S. 220, 223, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006)). Due process does not require that a property owner receive actual notice before the government may take his property. *Jones*, 547 U.S. at 226. Rather, the government must provide notice reasonably

_____

and the copy they sent first class was not returned. Thus, the officials had reason to state that they had sent Prince notice of the sale.

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.*

In Indiana, title conveyed by a tax deed may be defeated if three required notices, specifically the notice of tax sale, the notice of the right of redemption, and the notice of petition for tax deed, are not in substantial compliance with statutory requirements. *Schaefer*, 804 N.E.2d at 191. The notice of tax sale is governed by Indiana Code section 6-1.1-24-4 (2007), which requires the county auditor to send notice of the tax sale by certified mail to the owner or owners of the real property at their last known address.

Next, Indiana Code section 6-1.1-25-4.5 (2007) governs notices of the right of redemption. According to that statute, a person who purchases property at a tax sale must send the owner of the property a notice of the sale and of the right of redemption via certified mail at the last address for the owner as indicated in the county auditor's records. *Id.*

Finally, if the owner of record does not redeem the property from the tax sale within the required period, the purchaser may petition the trial court for issuance of a tax deed. Ind. Code § 6-1.1-25-4.6 (2007). The purchaser must provide notice of the petition to the owner of record in the same manner set forth in Indiana Code section 6-1.1-25-4.5. Ind. Code § 6-1.1-25-4.6.

Here, the Auditor sent Prince the notice of the tax sale, the notice of the right of redemption, and the notice of petition for tax deed in three different ways: (1) to the apartment building, (2) to Prince's California post office box via certified mail, and (3) to Prince's California post office box via first class mail. Furthermore, after the tax sale the

9

Auditor obtained a title search on Prince's parcels in an unsuccessful effort to locate additional addresses. All of the notices sent to the apartment building were returned to the Auditor indicating that the property was vacant. However, Prince received the notice of tax sale that was sent to his post office box via certified mail. Furthermore, none of the notices that the Auditor sent to Prince's post office box via first class mail were returned to the Auditor. Thus, the Auditor substantially complied with the statutes that govern the notices, and the manner of service the Auditor chose was reasonably calculated, under all the circumstances, to apprise Prince of the pendency of the action and afford him an opportunity to object. *See Sawmill Creek*, 964 N.E.2d at 220 (determining that the county auditor's manner of service satisfied due process requirements, despite the property owner's failure to receive actual notice, because the Auditor published notices in multiple ways, mailed notices to all addresses of which it was aware, and obtained a title search in an attempt to find additional addresses for the owner).

Prince argues that the officials should have posted the notices at the apartment building, where his manager would have seen it. We cannot conclude that principles of due process required the officials to post the notice. All of the notices the Auditor had sent to the apartment building had come back indicating that the property was vacant. It would not be reasonable to require the Auditor to post notice at what was, to the best of the Auditor's knowledge, vacant property. *See id.* at 221 (determining that the Auditor was not required to post notice at the property because the Auditor's records indicated the property was empty land).

10

Next, Prince argues that the holding in *Jones* requires us to reverse, but that case is factually distinguishable. In *Jones*, the government agency seeking to sell Jones's property for unpaid taxes sent one notice of the tax sale to Jones, via certified mail. The certified mail was unclaimed, and the agency proceeded with the tax sale. The United States Supreme Court concluded that, under the circumstances, the agency's attempts to provide notice to Jones did not comply with principles of due process, particularly because the agency took no further steps after learning that the only notice that it sent had failed to reach the owner. *Jones*, 547 U.S. at 238.

In the current case, none of the notices that the Auditor sent to Prince's post office box via first class mail were returned. Furthermore, Prince had signed the certified mail receipt for the notice of tax sale, which was also sent to the post office box. Thus, the Auditor knew that service had been accomplished. Furthermore, after the tax sale the Auditor obtained a title search to locate other addresses for Prince. Consequently, the officials acted with far more diligence than the agency in *Jones*, and that case does not compel reversal here. The trial court did not abuse its discretion in concluding that the officials' notices to Prince regarding the tax sale process met the requirements of due process.

CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

BAKER, J., and MAY, J., concur.

11