## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 26 2018, 5:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Leanna Weissmann
Tony Walker
The Walker Law Group, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Michael D. Kvachkoff
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roderick Johnson and Theus Wilkins, *Appellants-Petitioners,* <br><br> v. <br><br> Thomas Turner, Elsie Foster, et al., *Appellees-Respondents.* | February 26, 2018 <br><br> Court of Appeals Case No. 45A03-1706-MI-1221 <br><br> Appeal from the Lake Circuit Court <br><br> The Honorable Marissa L. McDermott, Judge <br><br> The Honorable Stephen E. Scheele, Magistrate <br><br> Trial Court Cause No. 45C01-1508-MI-181 |

**Mathias, Judge.**

[1] Roderick Johnson and Theus Wilkins (collectively "the Petitioners") petitioned the Lake Circuit Court for a tax deed for certain real estate located in Gary,

Indiana and owned by Thomas Turner[1] and Elsie Foster (collectively "the Property Owners"). The Lake Circuit Court denied the petition after finding that the Property Owners did not receive constitutionally adequate notice of the tax sale. The Petitioners appeal and raise two arguments, which we restate as:

    I.   Whether a tax sale purchaser is required to comply with the Due Process Clause when providing notice to the Property Owner of the tax sale proceedings; and,

   II.   Whether the Property Owners received constitutionally adequate notice of the tax sale.

We affirm.

## Facts and Procedural History

The Property Owners failed to pay property taxes for real estate located at 1304 Garfield Street in Gary, Indiana in 2013 and 2014. As a result, the real estate was certified for tax sale. At the auction in September 2015, the property did not receive any bids. Therefore, the Lake County Board of Commissioners acquired a lien on the property in the amount of the taxes owed, i.e. $5,598.54. In March 2016, the Petitioners paid $3,200 to purchase a tax sale certificate for the real estate.

The Petitioners mailed all required notices, i.e. notice of the tax sale certificate and of the redemption deadline, to the Property Owners via certified mail. The

---

[1] Thomas Turner is listed as an owner of the real estate, but he died in 2013. Elsie Foster is Turner's sister.

certified mail was returned to the Petitioners marked "attempted -not known" and "unable to forward." Ex. Vol. Addendum, Ex. C. Also, both envelopes were marked with the handwritten letters "ANK," meaning address not known. April 24, 2017 Tr. pp. 29–30. The certified mailing containing notice of the redemption period that was sent to Thomas Turner was also marked "return to sender –vacant –unable to forward." Ex. Vol. Addendum, Ex. D.

[5] In August 2016, the Petitioners filed a verified petition for tax deed for the real estate and sent notice to the Property Owners. At a hearing held on September 23, 2016, Elsie Foster appeared by counsel and objected to issuance of the tax deed.

[6] On January 31, 2017, the trial court held a final hearing on the petition. The Petitioners argued that the certified mailings sent as required by statute were sufficient to notify the Property Owners that the real estate had been purchased at a tax sale. Elsie Foster argued that she had not received the notice, the Petitioners knew she had not received the notice because the certified mail was returned to them, and due process requires more than the notice attempted in this case. Foster, who resides in Georgia, and her daughter testified that Foster's daughter was responsible for caring for the real estate and collecting the mail in Foster's absence.

[7] The trial court denied the petition for a tax deed and found that "the notice given by Petitioners was insufficient." Appellants' App. Vol. 2, p. 136. Thereafter, the Petitioners filed a motion to correct error and a hearing was held

on their motion on April 24, 2017. The Petitioners argued that they sent the statutorily required notices by certified and regular mail. However, the Petitioners never presented evidence that the notices were sent by regular mail. The Petitioners also argued that Foster received due process because both the Lake County Auditor and the Petitioners complied with the statutes concerning notice to property owners of tax sales.

[8] The trial court denied the motion to correct error, and in its order, the court reasoned in pertinent part:

> The Respondents assert, as they did at the 2/27/2017 trial, that the Petitioners' notice with respect to their tax deed petition was not reasonably calculated to inform as required by law, and was constitutionally inadequate. The Petitioners assert that their posting of the notice via certified mail to the Respondents' address of record with County taxing authorities, with nothing more, is all the notice that is legally or reasonably or constitutionally required, even where -as here- the certified mailing was returned by the Postal Service as "RETURN TO SENDER, ATTEMPTED -NOT KNOWN, UNABLE TO FORWARD" and/or "RETURN TO SENDER, VACANT, UNABLE TO FORWARD." No evidence was presented to show that the Petitioners, aside from sending the certified mailings, also sent first class mail or physically posted notice on the property or did anything else to inform the Respondents of the tax sale process, in spite of all certified mailings having been returned [to] Petitioners. At trial, this Court found that "the notice given by Petitioners was insufficient," and the Petition for Tax Deed was denied.

Appellees' App. Vol. 2, pp. 9–10. The Petitioners now appeal.

# Discussion and Decision

When a real estate owner fails to pay property taxes, the property may be sold to satisfy the tax obligation. *Schaefer v. Kumar*, 804 N.E.2d 184, 191 (Ind. Ct. App. 2004), *trans. denied*.

> A tax sale is purely a statutory creation, and material compliance with each step of the statute is required. While a tax deed creates a presumption that a tax sale and all of the steps leading to the issuance of the tax deed are proper, the presumption may be rebutted by affirmative evidence to the contrary. An order to issue a tax deed will be given if the court finds that the notices have been provided pursuant to the statutes. However, title conveyed by a tax deed may be defeated if the notices were not in substantial compliance with the manner prescribed by the pertinent statutes.

*Iemma v. JP Morgan Chase Bank, N.A.*, 992 N.E.2d 732, 738 (Ind. Ct. App. 2013) (internal quotations and citations omitted).

"A tax deed is void if the former owner was not given constitutionally adequate notice of the tax sale proceedings." *Schaefer*, 804 N.E.2d at 192; *see also* Ind. Code § 6-1.1-25-16(7).

> Before the government may sell property due to unpaid property taxes, the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires the government to provide the owner with "notice and opportunity for hearing appropriate to the nature of the case." Due process does not require that a property owner receive actual notice before the government may take his property. Rather, the government must provide notice reasonably calculated, under all the

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Prince v. Marion County Auditor*, 992 N.E.2d 214, 219 (Ind. Ct. App. 2013) (internal citations omitted), *trans. denied*.

[11] A person may defeat a tax deed only by proving one of the seven defects set forth in Indiana Code section 6-1.1-25-16. *Swami, Inc. v. Lee*, 841 N.E.2d 1173, 1177 (Ind. Ct. App. 2006), *trans. denied*. One such defect exists if the three notices required by Indiana Code sections 6-1.1-24-4 (notice of tax sale), 6-1.1-25-4.5 (notice of the right of redemption), and 6-1.1-25-4.6 (notice of petition for tax deed) were not in substantial compliance with the requirements prescribed in those sections. I.C. § 6-1.1-25-16(7); *Schaefer*, 804 N.E.2d at 191.

[12] The notice of tax sale is governed by Indiana Code section 6-1.1-24-4(b) which provides in pertinent part:

> Not less than twenty-one (21) days before the earliest date on which the application for judgment and order for sale of real property eligible for sale may be made, the county auditor shall send a notice of the sale by certified mail, return receipt requested, and by first class mail to:
>
> (1) the owner of record of real property with a single owner; or
>
> (2) at least one (1) of the owners, as of the date of certification, of real property with multiple owners;

at the last address of the owner for the property as indicated in the transfer book records of the county auditor under IC 6-1.1-5-4 on the date that the tax sale list is certified. If both notices are returned, the county auditor shall take an additional reasonable step to notify the property owner, if the county auditor determines that an additional reasonable step to notify the property owner is practical.

*** 

Failure by an owner to receive or accept the notice required by this section does not affect the validity of the judgment and order. The owner of real property shall notify the county auditor of the owner's correct address. The notice required under this section is considered sufficient if the notice is mailed to the address or addresses required by this section.

[13]  Next, Indiana Code section 6-1.1-25-4.5 governs notices of the right of redemption. That statute provides in relevant part that a person who purchases property at a tax sale must send notice of the sale and of the right of redemption "by certified mail, return receipt requested" to "the owner of record at the time of the [] sale of the property . . . at the last address of the owner for the property, as indicated in the records of the county auditor;" and "any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest." Indiana Code subsection 6-1.1-25-4.5(h) provides that a notice that was mailed to "the last address of the owner for the property, as indicated in the records of the county auditor" is "considered sufficient."

[14] Finally, if the owner of record does not redeem the property from the tax sale within the required period, the purchaser may petition the trial court for issuance of a tax deed. I.C. § 6-1.1-25-4.6. Indiana Code section 6-1.1-25-4.6 requires a tax sale purchaser to provide

> [n]otice of the filing of this petition . . . to the same parties as provided in section 4.5 of this chapter, except that, if notice is given by publication, only one (1) publication is required. The notice required by this section is considered sufficient if the notice is sent to the address required by section 4.5(d) of this chapter.

[15] First, the Petitioners claim that because the Lake County Auditor gave notice to the Property Owners of the tax sale as required by statute, and the Property Owners have not challenged the notice provided prior to the tax sale, the government met its constitutional burden and a tax sale certificate holder must only comply with the notice requirements in Indiana Code sections 6-1.1-25-4.5 and -4.6. Contrary to the Petitioners' argument, our courts have routinely held that property owners are entitled to sufficient notice that satisfies the Due Process Clause of the post-tax sale notices required under our statutory scheme. *See e.g. Iemma*, 992 N.E.2d at 740; *Marion County Auditor v. Sawmill Creek*, LLC, 964 N.E.2d 213, 218–19 (Ind. 2012).

[16] The Petitioners also argue that Indiana's tax sale notice statutes are "clearly designed to satisfy, if not surpass, requirements of Due Process under the 14th Amendment to the United States Constitution." Appellants' Br. at 17. Furthermore, the Petitioners contend that they are not required to comply with

the Due Process Clause because they are not state actors. Our court has held otherwise.

[17] In *Iemma*, our court held that "a non-governmental tax purchaser must comply with the notice requirements of the due process clause." 992 N.E.2d at 740. Our court observed that

> when private parties make use of state procedures with the overt, significant assistance of state officials, state action may be found. The government is significantly involved in tax sale proceedings as the taxing authority that files an application for judgment and order for sale; indeed, it is the county government that takes the property and sells it for unpaid taxes.

*Id.* (citations and quotations omitted). We agree with the *Iemma* Court and turn our attention to whether the Petitioners' notices comply with due process requirements.[2]

[18] The Petitioners sent the notices required in Indiana Code sections 6-1.1-25-4.5 and -4.6 by certified mail.[3] But the Property Owners argue that because the

---

[2] Arguing that a tax sale purchaser should not be considered a state actor, the Petitioners emphasize that the post-tax sale notices are sent by the tax sale purchaser, not the government. The Petitioners' argument ignores the significant involvement of the government in tax sales and the tax sale purchaser's role in depriving the owner of his or her property.

[3] At the hearing on the motion to correct error, the Petitioners told the trial court that the notices were also sent via first class mail. However, they presented no evidence to support their claim, and therefore, the trial court found that no evidence was presented to establish that the Petitioners sent the notices via first class mail. For this reason, we do not credit the Petitioners' claim in their brief that the notices were sent via first class mail. The Petitioners also argue that Foster must have received notice because she hired an attorney and appeared at the hearing on their petition for a tax deed. We agree that Foster must of received notice of the petition, but we cannot also assume that she received the notices required in Indiana Code sections 6-1.1-25-4.5 and -4.6.

notices were returned to the Petitioners, the Petitioners had an additional obligation under the Due Process Clause to take some other means to notify the Property Owners of the tax sale of their real estate.

[19] To comply with due process, a purchaser must give notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sawmill Creek,* 964 N.E.2d at 218. "'But if with due regard for the practicalities and peculiarities of the case these [notice] conditions are reasonably met, the constitutional requirements are satisfied.'" *Id.* at 219 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950)). Ultimately, the issue is not the Property Owner's actual knowledge, but whether the Petitioners "gave notice under the circumstances of this case in a manner reasonably calculated to inform" the Property Owners of the pending loss of its interest in the real estate. *See Iemma*, 992 N.E.2d at 741–42.

[20] "[T]he review of whether notice efforts satisfied this standard is a fact-intensive process that requires consideration of every relevant fact." *Sawmill Creek*, 964 N.E.2d at 219 (citing *Jones v. Flowers*, 547 U.S. 220, 227 (2006)). In *Sawmill Creek*, the court concluded that because the certified mailing was returned "Not deliverable as addressed, unable to forward," re-mailing the notice by first class mail would be unreasonable. *Id.* at 220; *see also Flowers*, 547 U.S. at 234 (stating "[w]hat steps are reasonable in response to new information depends upon what the new information reveals").

[21]     The Petitioners took no additional steps to give the Property Owners notice of the tax sale. Under the facts of this case, mailing the notice by first class mail would not have been a reasonable method of attempting notice because the certified mail was returned with the notifications "attempted -not known" and "unable to forward." Ex. Vol. Addendum, Ex. C. Also, both envelopes were marked with the handwritten letters "ANK," or address not known. April 24, 2017 Tr. pp. 29–30.

[22]     However, with regard to residential property, the *Sawmill* Court noted in dicta that posting notice on the property would have been appropriate and effective, or in other words, "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 964 N.E.2d at 218. Under the facts and circumstances of this case, the Petitioners could and should have taken this additional step of posting notice on the property. There is nothing in the record that would lead us to conclude that posting notice would have been difficult. And there is conflicting evidence concerning whether the property was occupied. The Property Owners testified that the property was not vacant.

[23]     For these reasons, we conclude that the Petitioners did not give notice that was reasonably calculated under all the circumstances to notify the Property Owners that the Petitioners had purchased their real estate at a tax sale and that they had the right to redeem the property. We therefore affirm the trial court's order denying the petition for a tax deed.

Affirmed.

Najam, J., and Barnes, J., concur.