**FOR PUBLICATION**



APPELLANT PRO SE:

**ROBERT HOLLAND**
Gary, Indiana

ATTORNEY FOR APPELLEE:

**DOUGLAS R. KVACHKOFF**
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT HOLLAND, | ) | |
| | ) | |
| Appellant/Intervenor, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1308-MI-346 |
| | ) | |
| LAKE COUNTY TREASURER JOHN PATELAS, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE CIRCUIT COURT
The Honorable George C. Paras, Judge
Cause No. 45C01-1109-MI-115

**December 17, 2014**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Intervenor, Robert M. Holland III (Holland), appeals the trial court's Order granting the issuance of a tax deed to Appellee-Petitioner, Lori Born (Born).

We dismiss without prejudice and remand for further proceedings.

## ISSUE

Holland raises five issues on appeal, which we consolidate and restate as the following single issue: Whether Holland received insufficient notice of the tax sale proceedings in violation of his right to due process, thereby rendering Born's tax deed void.

## FACTS AND PROCEDURAL HISTORY

On September 28, 2011, the Lake County Treasurer conducted a public sale of the real estate known as 1120 Baker Street in Gary, Indiana (Property) due to delinquent property taxes totaling $6,242.81. The Lake County Board of Commissioners acquired the Property and, on March 29, 2012, assigned the Tax Sale Certificate to Born as the highest bidder. The Tax Sale Certificate provided that Born would be entitled to a deed for the Property unless redeemed by the owner of record prior to July 27, 2012.

A title search identified Holland Real Estate, LLC (Company) as the owner of record and noted that Holland, the Company's managing member and registered agent, may also have an interest in the Property. On June 5, 2012, pursuant to Indiana Code section 6-1.1-25-4.5, Born submitted notice to Holland via certified mail, notifying him of her intent to file a petition for a tax deed on or after July 28, 2012. Born also published the notice in a local newspaper on June 12, 19, and 26, 2012. Holland acknowledged receipt of the notice, but he did not attempt to redeem the Property. Instead, on July 9, 2012, he

2

filed a Motion to Set Aside Tax Sale and Tax Deed. Rather than using the same cause number under which the Property was ordered to be sold, Cause Number 45C01-1109-MI-0115 (Cause #115), Holland erroneously filed his motion in a prior year's tax sale, Cause Number 45C01-1008-MI-098 (Cause #098). Holland did not serve Born with a copy of his motion.

On August 24, 2012, in accordance with Indiana Code section 6-1.1-25-4.6, Born sent notice to Holland, by certified mail, indicating that she would be filing a petition for the issuance of a tax deed. Born's notice specified that she would file her petition under Cause #115 and that a hearing was scheduled for October 5, 2012. This time, the certified mail was returned to Born as undeliverable, so on August 28, 2012, she published notice of the hearing in the newspaper. On September 4, 2012, Born filed her Verified Petition for Order to Issue Tax Deed. When Holland failed to appear at the hearing on October 5, 2012, the trial court granted Born's Petition. Thereafter, Holland filed numerous motions in Cause #098.

At some point, it was discovered that Holland had been misfiling his motions, but because he had clearly attempted to object to the issuance of the tax deed, the trial court vacated its October 5, 2012 ruling and reset the matter for a bench trial on June 13, 2013. On January 14, 2013, Born sent another notice to Holland by certified mail, which Holland received, providing the trial date and clearly stating that she was filing for the issuance of a tax deed under Cause #115. Also, on January 16, 2013, a process server personally delivered a copy of the notice to Holland. On January 22, 2013, Holland filed an objection to Born's Petition.

3

Notwithstanding the parties' apparent realization that the case had been proceeding under two separate cause numbers, the files remained segregated. Additionally, despite receiving ample notice that Born filed her Petition under Cause #115, Holland continued filing all of his motions under Cause #098. On May 28, 2013, Holland filed notice with the trial court that he had removed his case to the United States District Court for the Northern District of Indiana. As a result, the trial court ordered the matter to be continued. A few days later, the federal court remanded the case back to the trial court.

As originally scheduled, on June 13, 2013, the trial court held a bench trial on Born's Petition and Holland's objection thereto. Holland did not appear. After Born presented evidence to establish that she provided the statutorily required notice, the trial court granted her Petition and denied Holland's objection to the tax deed.

On July 1, 2013, Holland filed a Motion to Correct Errors and Set Aside (Motion to Set Aside). Then, on July 9, 2013, the trial court entered its written Order directing the Lake County Auditor to issue a tax deed to Born.[1] On July 15, 2013, Holland filed a motion for an injunction. At a status conference on August 7, 2013, the trial court scheduled a hearing on Holland's Motion to Set Aside for September 24, 2013, the outcome of which would determine whether a hearing on the injunction would be necessary. Instead of waiting until after the hearing and a ruling on his Motion to Set Aside, Holland filed his Notice of Appeal on August 27, 2013. At the hearing on September 24, 2013, Holland

---

[1] In its Order, the trial court also ordered all pleadings filed in Cause #098 to be "amended by interlineation to include the correct Cause [#115], and the same shall be merged into the file with the correct Cause Number." (Appellee's App. p. 12).

asked the trial court to set aside its Order because he did not receive adequate notice of the bench trial. Based on the Notice of Appeal, the trial court determined that it lacked jurisdiction to rule on Holland's outstanding motions.

Holland now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Holland seeks reversal of the trial court's Order granting the issuance of a tax deed to Born. Specifically, he claims that he is entitled to relief under Indiana Trial Rule 60(B)(1)-(4),(6), and (8) because he was deprived of his Property without due process. Notwithstanding the fact that Holland's argument is entirely void of cogent reasoning and primarily relies on facts that are not in the record, we find that another procedural defect precludes our review of the merits of this case. *See* Ind. Appellate Rule 46(A)(8)(a).

Indiana law provides that a tax deed "is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed filed not later than sixty (60) days after the date of the court's order." I.C. § 6-1.1-25-4.6(h). However, as in the case at hand, when a party alleges that a tax deed is void due to constitutionally inadequate notice, the "appeal must be brought within a reasonable time rather than within sixty days." *Edwards v. Neace*, 898 N.E.2d 343, 348 (Ind. Ct. App. 2008). Because appealing the issuance of a tax deed involves a determination of fact regarding the deed's validity, our court has determined that the appeal must be filed with the *same court* that issued the tax deed. *B P Amoco Corp. v. Szymanski*, 808 N.E.2d 683, 689 (Ind. Ct. App. 2004) (emphasis added), *trans. denied*. Therefore, the proper procedural mechanism for appealing the

issuance of a tax deed is through Trial Rule 60(B)—either by motion or independent action for relief from the trial court's judgment. *Id.* at 689-90.

Here, Holland filed his Motion to Set Aside on July 1, 2013. Although technically designated as a Trial Rule 59 motion to correct error, Holland relied entirely on Trial Rule 60(B) in asserting a claim for relief from the trial court's Order. Thus, notwithstanding its denomination, because the substance of Holland's Motion to Set Aside is actually a motion for relief from judgment under Trial Rule 60(B), it will be treated as such. *See In re Sale of Real Property with Delinquent Taxes or Special Assessments*, 822 N.E.2d 1063, 1069 (Ind. Ct. App. 2005), *trans. denied*.

Holland properly appealed the issuance of a tax deed by timely filing his 60(B) Motion to Set Aside with the trial court. Nevertheless, because he did not obtain a ruling on his Motion, we find that Holland's appeal is improperly before our court. *See Maust v. Estate of Bair ex rel. Bair*, 859 N.E.2d 779, 783 (Ind. Ct. App. 2007). As previously discussed, a 60(B) motion is a procedural prerequisite for appealing the issuance of a tax deed. Contrary to a motion to correct error, which is construed as having been "deemed denied" after the trial court has failed to rule for a certain amount of time, the trial court must either grant or deny a motion for relief from judgment in order to have an appealable "final judgment." Ind. Trial Rules 53.3(A), 60(C). Absent a ruling on his 60(B) Motion to Set Aside, Holland "is unable to perfect an appeal, since no error is thereby preserved." *Sekerez v. Jasper Cnty. Farm Bureau Co-op Ass'n*, 458 N.E.2d 286, 286 (Ind. Ct. App. 1984).

It is irrefutable that Holland is largely responsible for the procedural turmoil that he now claims amounted to a deprivation of due process. In fact, because Holland prematurely filed his Notice of Appeal, the trial court mistakenly believed that it lacked jurisdiction to rule on his motions. It is well established that a trial court is divested of its jurisdiction at the time the appellate court acquires jurisdiction. *Southwood v. Carlson*, 704 N.E.2d 163, 165 (Ind. Ct. App. 1999). However, our court does not acquire jurisdiction over an appeal until "the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary[,]" which, in this case, was November 26, 2013. App. R. 8. Thus, at the September 24, 2013 hearing, the trial court still had jurisdiction and should have ruled on Holland's 60(B) Motion to Set Aside. *See Reed v. State*, 796 N.E.2d 771, 773 n.1 (Ind. Ct. App. 2003).

We further note that Trial Rule 53.1(A) provides a remedy in the event that a trial court fails to timely rule on a motion. Specifically, Holland could have withdrawn his unheard motion from the trial court and transferred it to the supreme court for the appointment of a special judge; however, he did not avail himself of this procedure. *See Sekerez*, 458 N.E.2d at 286. Without a 60(B) ruling from either the trial court or a special judge, Holland has failed to present a reviewable issue for our court. Nonetheless, it would not serve the interests of justice to hold Holland accountable for the trial court's mistaken assumption regarding its jurisdiction. At the hearing on his Motion to Set Aside, Holland demanded that the trial court rescind its Order, but the trial court unequivocally informed Holland that it no longer had jurisdiction so the matter would have to be resolved on appeal.

Accordingly, we dismiss Holland's appeal without prejudice and remand this case to the trial court for a ruling on his 60(B) Motion to Set Aside.

CONCLUSION

Based on the foregoing, we conclude that Holland's appeal is improperly before our court because the trial court did not rule on his Motion to Set Aside pursuant to Trial Rule 60(B).

Dismissed without prejudice and remanded for further proceedings.

MATHIAS, J. and CRONE, J. concur