## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 10 2017, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert Holland
Gary, Indiana

ATTORNEY FOR APPELLEES

Douglas R. Kvachkoff
Crown Point, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Holland, <br> *Appellant-Respondent,* <br><br> v. <br><br> Lake County Treasurer, *et al.*, <br> *Appellees-Petitioners.* | May 10, 2017 <br><br> Court of Appeals Case No. <br> 45A03-1605-MI-1109 <br><br> Appeal from the Lake Circuit Court <br><br> The Honorable Robert Vann <br><br> Trial Court Cause No. <br> 45C01-1109-MI-115 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, Robert M. Holland III (Holland), appeals the trial court's Order, granting the verified petition for a tax deed filed by Appellee-Petitioner, Lori Born (Born).[1]

We affirm.

# ISSUES

Holland raises seven issues on appeal, two of which we find dispositive and restate as follows:

(1) Whether Holland received insufficient notice of the tax sale proceedings in violation of his right to due process, thereby rendering Born's tax deed void; and

(2) Whether the trial court had subject-matter jurisdiction to adjudicate Holland's claims concerning the assessment of his real property.

# FACTS AND PROCEDURAL HISTORY

In 2008, Holland's company, Holland Real Estate, LLC (Company), purchased a tract of real estate located at 1120 Baker Street in Gary, Lake County, Indiana (Property). Soon thereafter, Holland began using the Property as his personal residence. Also, at some point after moving in, Holland—as the registered

---

[1] Appellees-Petitioners, Lake County Treasurer (Treasurer) and Lake County Auditor (Auditor), have not filed an appellate brief. Facts pertaining to the Treasurer and Auditor are included where appropriate.

agent and sole member of the Company—received the property tax bill for the Property, which had accrued in 2007 and was payable in 2008. Based on his disagreement with the assessed value of the Property, Holland attempted to appeal the assessment to the Lake County Assessor (Assessor) and the Lake County Property Tax Assessment Board of Appeals (PTABOA).

[5] Although the record is murky regarding the review process of Holland's assessment, it appears that there was no activity on Holland's appeal for several years. During that time, neither Holland nor the Company ever paid any property taxes on the Property. Accordingly, on August 1, 2011, the Auditor—through its agent, SRI Incorporated—sent notice to the Company that the Property was "listed for sale for delinquent taxes and/or special assessments." (Petitioners' Exh. 15). The notice indicated that the Auditor and the Treasurer would "apply on or after [September 9, 2011,] for a court judgment against the [Property]." (Petitioners' Exh. 15). The notice further provided that the Company could remove the Property from the scheduled tax sale by paying the delinquent judgment to the Treasurer prior to September 27, 2011. Notice of the Property's inclusion in a tax sale was also published in a Gary newspaper.

[6] As set forth in Holland's first appeal:

> On September 28, 2011, the . . . Treasurer conducted a public sale of the [Property] due to delinquent property taxes totaling $6,242.81. The Lake County Board of Commissioners acquired the Property and, on March 29, 2012, assigned the Tax Sale Certificate to Born as the highest bidder. The Tax Sale Certificate provided that Born would be entitled to a deed for the Property unless redeemed by the owner of record prior to July

27, 2012.

A title search identified [the Company] as the owner of record and noted that Holland, the Company's managing member and registered agent, may also have an interest in the Property. On June 5, 2012, pursuant to Indiana Code section 6–1.1–25–4.5, Born submitted notice to Holland via certified mail, notifying him of her intent to file a petition for a tax deed on or after July 28, 2012. Born also published the notice in a local newspaper on June 12, 19, and 26, 2012. Holland acknowledged receipt of the notice, but he did not attempt to redeem the Property. Instead, on July 9, 2012, he filed a Motion to Set Aside Tax Sale and Tax Deed. Rather than using the same cause number under which the Property was ordered to be sold, Cause Number 45C01–1109–MI–0115 (Cause #115), Holland erroneously filed his motion in a prior year's tax sale, Cause Number 45C01–1008–MI–098 (Cause #098). Holland did not serve Born with a copy of his motion.

On August 24, 2012, in accordance with Indiana Code section 6–1.1–25–4.6, Born sent notice to Holland, by certified mail, indicating that she would be filing a petition for the issuance of a tax deed. Born's notice specified that she would file her petition under Cause #115 and that a hearing was scheduled for October 5, 2012. This time, the certified mail was returned to Born as undeliverable, so on August 28, 2012, she published notice of the hearing in the newspaper. On September 4, 2012, Born filed her Verified Petition for Order to Issue Tax Deed. When Holland failed to appear at the hearing on October 5, 2012, the trial court granted Born's Petition. Thereafter, Holland filed numerous motions in Cause #098.

At some point, it was discovered that Holland had been misfiling his motions, but because he had clearly attempted to object to the issuance of the tax deed, the trial court vacated its October 5, 2012 ruling and reset the matter for a bench trial on June 13, 2013. On January 14, 2013, Born sent another notice to Holland

by certified mail, which Holland received, providing the trial date and clearly stating that she was filing for the issuance of a tax deed under Cause #115. Also, on January 16, 2013, a process server personally delivered a copy of the notice to Holland. On January 22, 2013, Holland filed an objection to Born's Petition.

Notwithstanding the parties' apparent realization that the case had been proceeding under two separate cause numbers, the files remained segregated. Additionally, despite receiving ample notice that Born filed her Petition under Cause #115, Holland continued filing all of his motions under Cause #098. On May 28, 2013, Holland filed notice with the trial court that he had removed his case to the United States District Court for the Northern District of Indiana. As a result, the trial court ordered the matter to be continued. A few days later, the federal court remanded the case back to the trial court.

As originally scheduled, on June 13, 2013, the trial court held a bench trial on Born's Petition and Holland's objection thereto. Holland did not appear. After Born presented evidence to establish that she provided the statutorily required notice, the trial court granted her Petition and denied Holland's objection to the tax deed.

On July 1, 2013, Holland filed a Motion to Correct Errors and Set Aside (Motion to Set Aside). Then, on July 9, 2013, the trial court entered its written Order directing the Lake County Auditor to issue a tax deed to Born. On July 15, 2013, Holland filed a motion for an injunction. At a status conference on August 7, 2013, the trial court scheduled a hearing on Holland's Motion to Set Aside for September 24, 2013, the outcome of which would determine whether a hearing on the injunction would be necessary. Instead of waiting until after the hearing and a ruling on his Motion to Set Aside, Holland filed his Notice of Appeal on August 27, 2013. At the hearing on September 24, 2013, Holland asked the trial court to set aside its Order because he did not receive adequate notice of the bench trial. Based on

the Notice of Appeal, the trial court determined that it lacked jurisdiction to rule on Holland's outstanding motions.

*Holland v. Patelas*, 22 N.E.3d 840, 841-42 (Ind. Ct. App. 2014) (footnote omitted).[2]

[7]     On December 17, 2014, our court dismissed Holland's first appeal without prejudice because he had filed his appeal before the trial court ruled on Holland's Motion to Set Aside; thus, he was "unable to perfect an appeal, since no error [was] thereby preserved." *Id.* at 843-44. Following our remand of the case to the trial court, the trial court set the matter for a hearing on Holland's Motion to Set Aside. However, on February 17, 2015, rather than ruling on the Motion to Set Aside, the trial court apparently vacated Born's tax deed and reset the matter for a trial on the merits of the validity of the tax sale. Initially, a bench trial was scheduled for May 19, 2015, with an order that discovery be completed by April 30, 2015. Requests for continuances and a failed attempt by Holland to appeal resulted in the matter being scheduled for October of 2015.

[8]     A little more than a month prior to the bench trial, on September 14, 2015, Holland filed a counterclaim, a motion for joinder of the Assessor, and a request for a pre-trial conference. On September 18, 2015, Holland filed subpoenas commanding the Auditor and the Treasurer to personally appear at

---

[2] The present case is Holland's third appeal concerning Born's petition for a tax deed to the Property. As for Holland's second appeal, according to the Chronological Case Summary, Holland filed a Notice of Appeal on March 10, 2015, which was dismissed with prejudice on June 19, 2015 (with a petition for rehearing denied on August 18, 2015).

the bench trial. On September 21, 2015, the Auditor and the Treasurer filed a motion to dismiss Holland's counterclaim and also moved to quash the subpoenas Holland had issued. On October 6, 2015, Born also filed a motion to dismiss Holland's counterclaim. On October 15, 2015, Holland filed a motion to set aside the tax sale with affirmative defenses.

[9] On October 22, November 5, December 3, and December 16, 2015, the trial court conducted a bench trial. At the beginning of the trial, the trial court denied Holland's motions for joinder of the Assessor, to set aside the tax sale, and for a pre-trial conference. The trial court granted the motions to quash the subpoenas to the Auditor and the Treasurer as knowledgeable representatives from their offices were present to testify. The trial court also dismissed Holland's counterclaim because Holland did not request leave to file a belated counterclaim and because, despite the fact that the case had been ongoing for several years, Holland waited until a month prior to the bench trial to file a counterclaim. Holland subsequently attempted to seek leave to file his counterclaim, but the trial court maintained its ruling. During the trial, Born, the Treasurer, and the Auditor presented evidence that Holland had failed to pay any taxes owed on his Property from the time that he (or his Company) took ownership of the Property in 2008, and that Holland received notice by certified mail, newspaper publication, and in-person service that the Property was being sold and that, following the sale, he had an opportunity to redeem the Property. In turn, Holland's case-in-chief centered on a theory that his

Property had been drastically over-assessed in a fraudulent attempt by Lake County officials to fill the county's coffers.

[10] On January 14, 2016, the trial court issued its Order Granting Verified Petition for Tax Deed and Denying Objections Thereto. The trial court determined that Born satisfied all requirements for the issuance of the tax deed—in particular, complying with the notice requirements of Indiana Code section 6-1.1-25-4.5 (Section 4.5) and Indiana Code section 6-1.1-25-4.6 (Section 4.6). Similarly, the trial court also concluded that the county officials properly notified Holland of the tax sale. With respect to Holland's challenges to the assessed value of the Property, the trial court found that Holland had failed to fully avail himself of the administrative process for contesting assessments, and Holland disregarded the statutory requirement that he continue to pay a sum of property taxes during the pendency of an assessment appeal. Accordingly, the trial court granted Born's petition for a tax deed. On January 25, 2016, Holland filed a Motion to Alter and/or Amend the Order granting the tax deed pursuant to Indiana Trial Rules 59 and 60, which the trial court denied on April 15, 2016.

[11] Holland now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Holland's Conduct*

[12] It is well established that *pro se* litigants, such as Holland, are held to the same standard as licensed attorneys and are entitled to "no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266

(Ind. 2014). Thus, *pro se* parties are expected to adhere to the rules that govern trial and appellate procedure. *Steele v. McDonald's Corp.*, 686 N.E.2d 137, 140 (Ind. Ct. App. 1997), *trans. denied*. Moreover, a *pro se* litigant "has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Zavodnik*, 17 N.E.3d at 266.

In this case, Holland has demonstrated an utter lack of respect for the judicial process. Most notably, Holland's conduct toward the trial court was persistently rude, sarcastic, and hostile. Holland refused to abide by the trial court's directives; he endeavored to take control of the proceedings; and he even insulted witnesses. Holland's actions are even more disturbing in light of the fact that, although he has been suspended, he was previously a licensed and practicing attorney. Despite the trial court's ample latitude and patience—even allowing four days for a tax deed trial that, according to the other attorneys, typically takes twenty minutes—Holland now insists that he was somehow deprived of a fair opportunity to be heard. Holland was clearly afforded a sufficient opportunity to present his case, and to the extent that he maintains that he was prevented from making a record, it was well within the discretion of the trial court to guide and control the proceedings and to exclude irrelevant matters. *See Morgan v. State*, 934 N.E.2d 1246, 1251 (Ind. Ct. App. 2010) ("A trial court must be given latitude to run the courtroom and maintain discipline and control of the trial." (internal quotation marks omitted)); *see also* Ind. Evidence Rule 402 (noting that irrelevant evidence is not admissible).

In addition, Holland's motions and arguments before the trial court lacked cogency and created confusion. Likewise, while Holland has raised a multitude of issues in his appellate brief, his arguments are largely unintelligible. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring an argument to be supported by *cogent* reasoning). Instead of including a recitation of facts in narrative form, Holland's statement of the facts includes unsubstantiated arguments. *See* App. R. 46(A)(6). His argument section is disorganized, repetitive, includes assertions that have no basis in the record—either directly or by inference, and includes improper citations (*i.e.*, repealed statutes/authorities that do not support his claims). *See* App. R. 46(A)(8). Nevertheless, we recognize that the issuance of this tax deed has been pending for many years now, and it would serve the interests of justice to avoid further unnecessary and protracted litigation by resolving the merits of this case. Accordingly, we will address Holland's arguments to the extent that we are able to decipher them. In particular, we consider Holland's claims that he did not receive adequate notice of the tax sale proceedings in violation of due process and that the Property was improperly assessed.

## II. *Standard of Review*

If a real estate owner fails to pay property taxes, the property may be sold to satisfy the tax obligation. *Schaefer v. Kumar*, 804 N.E.2d 184, 191 (Ind. Ct. App. 2004), *trans. denied*. "The tax sale process is a purely statutory creation and requires material compliance with each step of the governing statutes." *Id.* "The issuance of a tax deed creates a presumption that a tax sale and all of the

steps leading up to the issuance of the tax deed are proper. However, this presumption may be rebutted by affirmative evidence to the contrary." *Id.*

[16] Holland's claims regarding the propriety of the tax sale generally concern questions of law, which we review *de novo*. *Iemma v. JP Morgan Chase Bank, N.A.*, 992 N.E.2d 732, 738 (Ind. Ct. App. 2013). However, pursuant to Holland's request, the trial court in this case issued specific findings of fact and conclusions thereon. For special findings and conclusions, our review is two-tiered: we first consider whether the evidence supports the findings; we second determine whether the findings support the judgment. *Marion Cnty. Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 216 (Ind. 2012). Our court will "not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). Our court will neither reweigh evidence nor assess the credibility of witnesses, and we view the evidence in a light most favorable to the trial court's judgment. *Sawmill Creek, LLC*, 964 N.E.2d at 216.

### III. *Notice*

[17] Holland claims that he was denied due process because he did not receive notice of the tax sale as required by Indiana Code section 6–1.1–24–4, notice of his right of redemption as required by Section 4.5, and notice of Born's petition for a tax deed as required by Section 4.6. "A tax deed is void if the former owner was not given constitutionally adequate notice of the tax sale proceedings." *Schaefer*, 804 N.E.2d at 192; *see* Ind. Code § 6-1.1-25-16(7) (2011). As our supreme court has stated, "[a] state must provide notice

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action prior to taking steps that will affect a protected interest in life, liberty, or property. Notice is constitutionally adequate when the practicalities and peculiarities of the case . . . are reasonably met." *Schaefer*, 804 N.E.2d at 194 (quoting *Tax Certificate Investments, Inc. v. Smethers*, 714 N.E.2d 131, 133-34 (Ind. 1999) (internal quotation marks omitted) (ellipsis in original)). Here, the trial court concluded that both Born and the county officials complied with the statutory notice requirements.

## A. *Notice of Tax Sale*

[18] Indiana Code section 6-1.1-24-4(a) (2011) requires that

> [n]ot less than twenty-one (21) days before the earliest date on which the application for judgment and order for sale of real property eligible for sale may be made, the county auditor shall send a notice of the sale by certified mail, return receipt requested to:
>
> (1) the owner of record of real property with a single owner; or
>
> (2) at least one (1) of the owners, as of the date of certification, of real property with multiple owners;
>
> at the last address of the owner for the property as indicated in the records of the county auditor on the date that the tax sale list is certified. In addition, the county auditor shall mail a duplicate notice to the owner of record, as described in subdivisions (1) and (2), by first class mail to the owners from whom the certified mail return receipt was not signed and returned. Additionally, the county auditor may determine that mailing a first class notice to or serving a notice on the property is a reasonable step to notify the owner, if the address of the owner is not the same address as

the physical location of the property. If both notices are returned due to incorrect or insufficient addresses, the county auditor shall research the county auditor records to determine a more complete or accurate address. If a more complete or accurate address is found, the county auditor shall resend the notices to the address that is found in accordance with this section. Failure to obtain a more complete or accurate address does not invalidate an otherwise valid sale. The county auditor shall prepare the notice in the form prescribed by the state board of accounts. The notice must set forth the key number, if any, of the real property and a street address, if any, or other common description of the property other than a legal description. The notice must include the statement set forth in section 2(a)(4) of this chapter [*i.e.*, a statement of the redemption costs]. The county auditor must present proof of this mailing to the court along with the application for judgment and order for sale. Failure by an owner to receive or accept the notice required by this section does not affect the validity of the judgment and order. The owner of real property shall notify the county auditor of the owner's correct address. The notice required under this section is considered sufficient if the notice is mailed to the address or addresses required by this section.

[19]     In this case, the Auditor presented evidence that on August 1, 2011, notice of the scheduled tax sale was sent to the Property's owner of record, the Company, at the Company's registered address of 5014 W. 17th Avenue, in Gary. As the trial court found, the notice was sent by certified mail, and when the Auditor did not receive a signed certified mail return receipt, it "mailed a follow-up notice by regular mail on September 1, 2011[,]" to the same address. (Appellant's App. p. 40). The notice identified the Property by its street address, Property ID/Key Number, and brief legal description. The notice specified that a judgment would be sought against the Property for $5,918.81

(amount to be paid to remove the Property from the tax sale), and that it would be sold at the tax sale for at least $6,243.41 (due to factoring in the property taxes that were due in 2011). The notice informed the Company that the Property would not be sold if the judgment amount was paid in full "at any time before the sale." (Petitioners' Exh. 14). The notice also described the Company's ability to redeem the Property after being sold at the tax sale.

[20] On appeal, Holland asserts that the notice of tax sale is invalid because "[t]here was no such certification on the tax sale certificate." (Appellant's Br. p. 31). While Indiana Code section 6-1.1-24-4 indicates that the list of properties going up for tax sale must be certified, it does not provide that any certification of notice must be made on the tax sale certificate, which is created after a property is sold at a tax sale. Holland also contends that the Auditor erroneously only sent notice of the tax sale to the Company at 5014 West 17th Avenue, Gary. Holland insists that because he personally had a substantial interest in the Property, notice of the tax sale should also have been mailed to him at the Property address. Notwithstanding Holland's personal interest in the Property, Indiana Code section 6-1.1-24-4(a) explicitly states that notice must be sent to "the owner of record of real property with a single owner." Here, the owner of record at the time was the Company, and the Auditor properly sent notice to the Company's address of record. Furthermore, even if Holland was also an owner of the Property (as he now is), the statute only requires that notice be sent to "at least one (1) of the owners" where there are multiple owners. I.C. §

6-1.1-24-4(b)(2).  Accordingly, we find that the Auditor complied with the statutory requirements for sending notice of a tax sale to the Property owner.

## B. *Section 4.5:  Notice of Right to Redemption*

[21]  Pursuant to Section 4.5:

> A purchaser of a certificate of sale under [Indiana Code section] 6-1.1-24-6.1[3] is entitled to a tax deed to the property for which the certificate was sold only if:
>
> * * * *
>
> > not later than ninety (90) days after the date of sale of the certificate of sale under [Indiana Code chapter] 6-1.1-24, the purchaser gives notice of the sale to:
> >
> > (A) the owner of record at the time of the sale; and
> >
> > (B) any person with a substantial property interest of public record in the tract or item of real property.

I.C. § 6-1.1-25-4.5(c)(3) (2011).  This Section 4.5 notice must be sent

> by certified mail, return receipt requested, to . . . the owner of record at the time of the . . . sale of the property . . . at the last address of the owner for the property, as indicated in the records of the county auditor; and [to] any person with a substantial property interest of public record at the address for the person

---

[3]  As Born points out in her brief, the Property did not sell at the Treasurer's sale on September 28, 2011; rather, she received a tax sale certificate as the highest bidder in a sale conducted by the Lake County Board of Commissioners on March 29, 2012.  Indiana Code section 6-1.1-24-6.1 governs tax sales by county executives.

included in the public record that indicates the interest. However, if the address of the person with a substantial property interest of public record is not indicated in the public record that created the interest and cannot be located by ordinary means by the person required to give the notice[,] . . . the person may give notice by publication in accordance with [Indiana Code section] 5-3-1-4 once each week for three consecutive weeks.

I.C. § 6-1.1-25-4.5(d) (2011). Section 4.5 further sets forth an extensive list of the information that must be included in the notice, including, in part, the date that the purchaser intends to file a petition for a tax deed, a description of the tract of property, and details about the owner's ability to redeem the property and expiration of the redemption period. I.C. § 6-1.1-25-4.5(e) (2011).

[22] The evidence establishes that Born purchased the Property from the Lake County Board of Commissioners on March 29, 2012. Within ninety days thereafter, on June 5, 2012, she sent Section 4.5 notice by certified mail to *both* the Company (identifying Holland as the registered agent) at 5014 W. 17th Avenue in Gary, and the current occupant of the Property at 1120 Baker Street in Gary. In addition to other information enumerated by Section 4.5, Born's notice provided that the Property had been sold at a tax sale on March 29, 2012, and that the Company had until July 27, 2012, to redeem the Property as she would be filing a petition for a tax deed on or after July 28, 2012. On June 11, 2012, Holland, as indicated by his signature, received the notice mailed to the Property, and on July 6, 2012, he signed to indicate his receipt of the notice mailed to the Company's address. Moreover, Born paid for a copy of the Section 4.5 notice to be published in the Lowell Tribune, "a public weekly

newspaper of general circulation in Lake County," on June 12, 19, and 26, 2012. (Petitioners' Exh. 5).

[23] Holland contends that he did not receive constitutionally adequate Section 4.5 notice because it "contained an incomplete address of the [P]roperty that was so imperfect as to fail to describe the Property with reasonable certainty." (Appellant's Br. p. 32). However, Section 4.5 simply provides that the notice must contain "[a] description of the tract or item of real property shown on the certificate of sale"; "[t]he street address, if any, or a common description of the tract or item of real property"; and "[t]he key number or parcel number of the tract or item of real property." I.C. § 6-1.1-25-4.5(e)(3), (14)-(15) (2011). Moreover, Indiana Code section 6-1.1-25-16 provides that title conveyed by a tax deed may only be defeated if "the description of the tract or real property was so imperfect as to fail to describe it with reasonable certainty." In this case, the tax sale certificate described the Property by its "Property Number: 45-08-07-152-015.000-004"; by its "Brief Legal Description: GARY HEIGHTS L. 12 & 13 BL. 17"; and by its street address "1120 Baker St." (Petitioners' Exh. 1). Born's Section 4.5 notice essentially included the same information as the tax sale certificate, identifying the Property as "Lots Twelve (12), and Thirteen (13) Block Seventeen (17), Gary Heights, in the City of Gary, as shown in Plat Book 20, page 18, in Lake County, Indiana"; by its common address of "1120 Baker Street, Gary, IN 46404"; and by its "Key No. 45-08-07-152-015.000-004." (Petitioners' Exh. 3). Accordingly, contrary to Holland's claim, we find that Born's Section 4.5 notice describes the Property with reasonable certainty.

Moreover, we find that the trial court correctly concluded that Born complied with the notice requirements of Section 4.5, and Holland received actual notice of his redemption rights. Thus, we find no due process violation.

### C. *Section 4.6: Notice of Petition for Tax Deed*

Pursuant to Section 4.6:

> After the expiration of the redemption period specified in section 4 of this chapter but not later than six (6) months after the expiration of the period of redemption[,] . . . the purchaser . . . may . . . file a verified petition in the same court and under the same cause number in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale. Notice of the filing of this petition shall be given to the same parties and in the same manner as provided in section 4.5 of this chapter, except that, if notice is given by publication, only one (1) publication is required. The notice required by this section is considered sufficient if the notice is sent to the address required by section 4.5(d) of this chapter. Any person owning or having an interest in the tract or real property may file a written objection to the petition with the court not later than thirty (30) days after the date the petition was filed. If a written objection is timely filed, the court shall conduct a hearing on the objection.

I.C. § 6-1.1-25-4.6(a)(1) (2011).

The period of redemption in this case was 120 days. I.C. § 6-1.1-25-4(c) (2011). The evidence here establishes that neither Holland nor the Company undertook to redeem the Property prior to the expiration of the redemption period on July 27, 2012. Accordingly, well within the six-month period, on August 24, 2012, Born sent a Section 4.6 notice by certified mail to *both* the Company at 5014 W.

17th Avenue in Gary, and to the current occupant of the Property at 1120 Baker Street in Gary. The notice included the same description of the Property as the Section 4.5 notice, and it included the October 5, 2012 hearing date on Born's petition for a tax deed. This time, both notices were returned as undeliverable. Although receipt of the notice is not a statutory requirement, Born nevertheless paid for the notice to be published in the Lowell Tribune on August 28, 2012. When Holland failed to appear at the October 5, 2012 hearing, and when it was ultimately discovered that he had been misfiling objections and motions, the hearing on Born's petition for a tax deed was rescheduled for June of 2013. Thus, on January 14, 2013 (which is still within the six-month period following the expiration of the redemption period), Born again sent Section 4.6 notice to both the Company and Holland at the Property Address by certified mail. She also hired a process server to personally serve the Section 4.6 notice to Holland, and the process server averred that such service was completed on January 16, 2013. Moreover, on January 24, 2013, Holland signed the certified mail return receipts to indicate that he received both notices.

[26] Holland reiterates his prior argument that the Property is inadequately described in the Section 4.6 notice to constitute proper notice. However, the Section 4.6 notice includes the same description of the Property as in the Section 4.5 notice; thus, for the same reasons already discussed, we find that the Property has been described with reasonable certainty. Holland also argues that the Section 4.6 notice was mailed "to an address other than the last known address for the owners as reflected by the county auditor's records and the

address was so imperfect as to not constitute good notice." (Appellant's Br. p. 36). This argument entirely disregards the fact that Born sent the notice to the Company at its registered address and to Holland at the Property's address (twice); Holland signed to indicate actual receipt of the notice at the Property address; Born published the notice in an area newspaper; and she hired a process server to personally deliver the notice to Holland. Thus, the evidence establishes that Born went above and beyond the statutory requirements for providing Section 4.6 notice to Holland, and Holland was not deprived of due process.

## IV. *Assessment*

[27] During the trial and on appeal, Holland primarily challenged the validity of the tax sale (and subsequent issuance of a tax deed) based on his belief that the Property had been intentionally and fraudulently over-assessed as a means of increasing Lake County's revenue. As was explained to Holland during the trial and reiterated in the trial court's findings of fact and conclusions thereon, the Indiana General Assembly has provided a specific mechanism for contesting a property value assessment. The trial court concluded that Holland's failure to fully avail himself of the established administrative procedure cannot serve to negate the validity of the subsequent tax sale and proceedings for Born's petition for a tax deed. We agree.

[28] Indiana Code chapter 6-1.1-15 governs procedures for the review and appeal of property assessments. If a taxpayer disagrees with an assessment of his real property, he must seek review by filing notice with the relevant county or

township official—in this case, the Assessor. I.C. § 6-1.1-15-1(c) (2011). Upon receipt of a notice for review, the assessing official must "immediately forward the notice to the [PTABOA]" and attempt to resolve the issues with the taxpayer through a preliminary informal meeting. I.C. § 6-1.1-15-1(h) (2011). If the preliminary informal meeting fails to resolve all issues, the PTABOA must hold a hearing "not later than one hundred eighty (180) days after" the date of notice. I.C. § 6-1.1-15-1(k) (2011). Then, within 120 days of the hearing, the PTABOA must mail notice of its determination to the taxpayer. I.C. § 6-1.1-15-1(n)(1) (2011). If the maximum time elapses for the PTABOA to hold a hearing or to render its decision, or if the taxpayer is dissatisfied with the ultimate determination of the PTABOA, the next step is to file a petition for review with the Indiana Board of Tax Review. I.C. §§ 6-1.1-15-1(o); -3 (2011). Once the Indiana Board of Tax Review has rendered a final determination, the taxpayer may either seek rehearing with the Indiana Board of Tax Review or file a petition for judicial review with the Indiana Tax Court. I.C. § 6-1.1-15-5 (2011).

[29] It is well established that a "[f]ailure to exhaust administrative remedies is a defect in subject matter jurisdiction." *Marion Cnty. Auditor v. Revival Temple Apostolic Church*, 898 N.E.2d 437, 445 (Ind. Ct. App. 2008), *trans. denied*. Here, Holland initiated the appeal process with the local Assessor's office for the Property's 2007 assessment (payable in 2008). However, for some reason, the appeal was lost for a period of time, and it is unclear when, if ever, it was forwarded to the PTABOA. Nevertheless, despite his insistence that he was

regularly checking on the status of his appeal, the substantial delay and other irregularities did not prompt Holland to re-file his claim or otherwise ask about his informal meeting or a hearing before the PTABOA. Likewise, when he did not receive a hearing with the PTABOA, Holland never filed a petition with the Indiana Board of Tax Review. *See* I.C. § 6-1.1-15-1(o) (2011). Additionally, Holland never challenged any of the assessments made on the Property in the subsequent years for which he also refused to pay property taxes. As it is the party's responsibility to exhaust all administrative remedies, a party cannot "circumvent the 'final determination' requirement basis for the Indiana Tax Court's exclusive jurisdiction over tax appeals by filing an action in a trial court instead of with the relevant administrative agency." *Revival Temple Apostolic Church*, 898 N.E.2d at 445. A trial court is not vested with subject matter jurisdiction simply based on the lack of a final determination by a tax-related agency. *Id.*

[30]     Moreover, Indiana Code section 6-1.1-15-10(a) (2011) provides that

> even though a petition for review or a proceeding for judicial review is pending, the taxpayer shall pay taxes on the tangible property when the property tax installments come due, unless the collection of the taxes is enjoined under [Indiana Code section] 33-26-6-2 pending a final determination in the proceeding for judicial review. The amount of taxes which the taxpayer is required to pay, pending the final determination of the assessment or increase in assessment, shall be based on:
>
> > (1) the assessed value reported by the taxpayer on the taxpayer's personal property return if a personal property

assessment, or an increase in such an assessment, is involved; or

(2) an amount based on the immediately preceding year's assessment of real property if an assessment, or increase in assessment, of real property is involved.

Here, Holland never sought an injunction with the Indiana Tax Court as provided in Indiana Code section 33-36-6-2, and it is undisputed that neither the Company nor Holland ever paid *any* amount of taxes on the Property between the time the Company purchased the Property in 2008 and the trial court's Order granting Born's petition for a tax deed in 2016.

[31] Had Holland complied with the statutory requirement to make payments during the pendency of the review process, the Property would not have been put up for tax sale. Instead, he simply filed an appeal for one tax year, never followed-up on the appellate process, did not challenge any subsequent assessments, and continued to live on the Property without ever paying any property taxes. As the trial court determined, Holland failed to exhaust his administrative remedies with respect to the assessment of the Property, and the trial court therefore lacked subject-matter jurisdiction to consider the propriety of Holland's assessment. Rather, the only pertinent issues before the trial court concerned whether Holland received adequate notice of the tax sale, his right to redemption, and Born's petition for a tax deed.

# CONCLUSION

Based on the foregoing, we conclude that Holland was not deprived of due process based on the fact that he received adequate notice of the tax sale, of his right to redemption of the Property, and of Born's petition for a tax deed. We further conclude that Holland failed to avail himself of the remedies provided for challenging a property tax assessment, and the trial court did not have subject-matter jurisdiction to address such a claim. Therefore, the trial court properly granted Born's petition for a tax deed to the Property.[4]

Affirmed.

Crone, J. and Altice, J. concur

---

[4] We conclude that Holland has waived his claim concerning the trial court's dismissal of his counterclaim as Holland has failed to include a copy of the counterclaim in his Appendix for our review. App. R. 50(2)(f),(h). We also conclude that Holland has waived his claims by failing to make cogent, well-supported arguments regarding fraud; allegations of perjury and fraudulent misrepresentation by witnesses; the trial court's quashing of subpoenas to county officials; and his claim for sanctions and attorney fees. App. R. 46(A)(8)(a). Holland has waived his contention that the responses of the Auditor in a request for admissions should have been deemed admitted; although Holland claimed that the trial court issued an order withdrawing the Auditor's admissions, the cited order actually denied Holland's motion to have the responses of the Treasurer deemed as admitted, and the parties stipulated to the admission of the Treasurer's responses during the bench trial. The order simply indicates that there was no evidence that the Auditor had failed to comply with discovery requests. Finally, as to Holland's contention that the trial court should not have admitted the tax sale certificate into evidence, notwithstanding that his argument is confusing, we nevertheless agree with the trial court that the admissibility of the tax sale certificate is not affected by the fact that it included a minimum sale price that was sixty cents less than indicated on the Auditor's notice of tax sale as it "is a typographical and de minimis error and played no part in the sale of this [P]roperty since the parcel was sold at a commissioner's sale at a drastically reduced amount in accordance with the statutes for commissioner's sales." (Appellant's App. p. 44).