# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2017, 11:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

William A. Ramsey
Joshua C. Neal
Barrett McNagny, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE,
BLN INVESTMENTS, LLC

Robert W. Eherenman
Andrew L. Teel
Haller & Colvin, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES,
WILLIAM ROYCE, ALLEN COUNTY
TREASURER AND NICHOLAS D.
JORDAN, ALLEN COUNTY AUDITOR

Thomas A. Hardin
Shine & Hardin, LLP
Fort Wayne, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JLP, | October 31, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 02A05-1703-MI-460 |
| v. | Appeal from the Allen Circuit Court |
| William Royce, Allen County Treasurer, Nicholas D. Jordan, | The Honorable Thomas J. Felts, Judge |

| Allen County Auditor, and BLN Investments, LLC, | Trial Court Cause No. 02C01-1606-PL-270 |
|---|---|
| *Appellees-Plaintiffs,* | 02C01-1408-MI-646 |

**Barnes, Judge.**

# Case Summary

JLP appeals the denial of its motion to set aside a tax deed and the grant of summary judgment in favor of BLN Investments, LLC ("BLN"), regarding BLN's action to quiet title. We affirm.

# Issue

The sole issue before us is whether the trial court erred by finding that JLP received adequate notice of tax sale proceedings.

# Facts

JLP, a general partnership, owned a parcel of real estate (the "parcel") located at 15415 Washington Street in Huntertown. JLP provided a business address of 521 Ley Road, Fort Wayne ("Ley address"), to the Allen County Auditor ("Auditor") as its business address of record. JLP eventually sold the property located at the Ley address and began to use P.O. Box 219, Pleasant Lake, as its new address. JLP failed to provide an updated business address to the Auditor,

who continued to mail JLP's tax-related documents concerning the parcel to the Ley address.

[4] In November 2013, the Allen County zoning administrator filed suit against JLP regarding an unrelated matter. The zoning administrator successfully served process upon JLP at the Pleasant Lake P.O. box address.

[5] Due to unpaid property taxes, the parcel was included in Allen County's 2014 tax sale. On July 11, 2014, a "notice of tax sale" was sent to JLP by certified mail, return receipt requested, at the Ley address. The notice was returned to the Auditor bearing "RETURN[ED] TO SENDER," "UNCLAIMED," and "UNABLE TO FORWARD" markings. App. p. 86, 97. The Auditor then sent the notice by regular first class mail to JLP at the Ley address on August 7, 2014. The post office did not return the second notice. JLP did not receive the notice.

[6] On September 10, 2014, the parcel was sold at a tax sale to Robert F. Jones. On March 10, 2015, a "notice to owner of record at the time of sale with a substantial property interest of public record" was sent by certified mail, return receipt requested, to JLP at the Ley address. The notice, intended to alert the owner of record of its right to redeem the property, was returned to the Auditor bearing "RETURN[ED] TO SENDER," "UNCLAIMED," and "UNABLE TO FORWARD" markings. *Id*. at 87, 97. The Auditor then sent the notice by regular mail to JLP at the Ley address on April 8, 2015. The post office did not return the second notice to owner. JLP did not receive the notice.

[7]     On September 16, 2015, a "notice of petition for a tax deed" was sent to JLP at the Ley address. The notice was returned to the Auditor bearing "RETURN[ED] TO SENDER," "UNCLAIMED," and "UNABLE TO FORWARD" markings. *Id.* at 87, 98. The Auditor then sent the notice by regular first class mail to JLP at the Ley address on October 8, 2015; the post office did not return it. JLP did not receive the notice. The Auditor also published notice of the tax sale of the parcel in a newspaper[1] and "researched the records of the Allen County Auditor's Office," to no avail, in an effort to identify an alternate address for JLP. *See* Appellant's App. Vol. II, p. 87.

[8]     The Allen County Circuit Court entered an order directing issuance of a tax deed for the parcel on October 19, 2015. The Auditor issued a tax title deed to Jones on October 26, 2015. On May 25, 2016, Jones conveyed the parcel to BLN. On December 20, 2016, JLP filed a motion to set aside the judgment and the tax deed. On February 1, 2017, the trial court conducted a hearing on the motion to set aside the tax deed and denied the motion.

[9]     In a separate action, BLN filed a complaint to quiet title on June 8, 2016. BLN named as defendants all persons believed to have a claim or interest in the parcel. On October 21, 2016, BLN filed a motion for summary judgment. JLP filed a response and cross-motion for summary judgment on November 21, 2016. On February 2, 2017, the trial court conducted a hearing on the

---

[1] The date of publication is unclear from the record; however, the fact of publication is not in dispute.

summary judgment motions and, finding that (1) JLP failed to designate any evidence that the Auditor failed to provide all of the notices required by law for the tax sale; (2) the Auditor issued the notices in the manner prescribed by statute; and (3) the Auditor took reasonable and practicable steps to inform JLP of the tax sale, the trial court found that JLP was not deprived of due process regarding the tax sale and that the tax sale was valid. The trial court further decreed that BLN was the fee simple owner of the parcel and granted summary judgment in its favor.

[10] On March 1, 2017, the trial court consolidated the tax deed and quiet title actions. JLP now appeals from the denial of its motion to set aside the tax deed and the grant of summary judgment in favor of BLN.

## Analysis

[11] JLP argues that the tax deed at issue here is void because the Auditor failed to provide constitutionally adequate notice of the tax sale. "[T]he proper procedure for appealing the issuance of a tax deed is found in Ind[iana]Trial Rule 60[.]" *Kessen v. Graft,* 694 N.E.2d 317, 320 (Ind. Ct. App. 1998), *trans. denied.* Rule 60(B)(6) provides that a trial court may relieve a party from the entry of judgment if the judgment is void. "Failure to comply substantially with statutes governing tax sales renders void subsequent tax deeds which deprive owners of their property." *Lindsey v. Neher,* 988 N.E.2d 1207, 1210 (Ind. Ct. App. 2003) (quoting *Kessen,* 694 N.E.2d at 320). As a general matter, a trial court's ruling on a Rule 60(B) motion is reviewed for an abuse of discretion.

*Rice v. Comm'r, Ind. Dep't of Envtl. Mgmt.,* 782 N.E.2d 1000, 1003 (Ind. Ct. App. 2003). A ruling under Rule 60(B)(6), however, "requires no discretion on the part of the trial court because either the judgment is void or it is valid." *Id.* at 1003 (quoting *Hotmix & Bituminous Equip. Inc. v. Hardrock Equip. Corp.,* 719 N.E.2d 824, 826 (Ind. Ct. App. 1999)).

[12] Our standard of review upon appeal from a trial court's ruling at summary judgment is well settled. A grant of summary judgment is reviewed de novo on appeal. *N. Ind. Pub. Serv. Co. v. U.S. Steel Corp.,* 907 N.E.2d 1012, 1018 (Ind. 2009). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C); *Shi v. Yi,* 921 N.E.2d 31, 39 (Ind. Ct. App. 2010). Our review of an order upon a motion for summary judgment is limited to the materials designated to the trial court. *Shi,* 921 N.E.2d at 39. We draw all facts and reasonable inferences therefrom in favor of the nonmovant, and we review summary judgment decisions carefully to ensure a party was not improperly denied its day in court. *Id.*

[13] If a real estate owner fails to pay property taxes, the property may be sold to satisfy the tax obligation. *Schaefer v. Kumar,* 804 N.E.2d 184, 191 (Ind. Ct. App.

2004), *trans. denied.* Indiana statutes make clear the process required for tax sales of real property with delinquent taxes.[2]

> A tax sale is purely a statutory creation, and material compliance with each step of the statute is required. While a tax deed creates a presumption that a tax sale and all of the steps leading to the issuance of the tax deed are proper, the presumption may be rebutted by affirmative evidence to the contrary. An order to issue a tax deed will be given if the court finds that the notices have been provided pursuant to the statutes. However, title conveyed by a tax deed may be defeated if the notices were not in substantial compliance with the manner prescribed by the pertinent statutes.

*Iemma v. JP Morgan Chase Bank, N.A.,* 992 N.E.2d 732, 738 (Ind. Ct. App. 2013) (internal quotations and citations omitted). "A tax deed is void if the former owner was not given constitutionally adequate notice of the tax sale proceedings." *Schaefer,* 804 N.E.2d at 192; *see* Ind. Code § 6-1.1-25-16(7).

> Before the government may sell property due to unpaid property taxes, the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires the government to provide the owner with "notice and opportunity for hearing appropriate to the nature of the case." *Marion Cnty. Auditor v. Sawmill Creek,* 964 N.E.2d 213, 217 (Ind. 2012) (quoting *Jones v. Flowers,* 547 U.S. 220, 223, 126 S. Ct. 1708 (2006)). Due process does not require that a property owner receive actual notice before the government may take his property. *Jones,* 547 U.S. at

---

[2] The statutes governing tax sales and tax deeds have been amended since the events in this case occurred. Unless otherwise noted, citations to these statutes are to the edition of the Indiana Code in effect at the time of the 2014 tax sale.

226, 126 S. Ct. 1708. Rather, the government must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.*

*Prince v. Marion County Auditor,* 992 N.E.2d 214, 219 (Ind. Ct. App. 2013).

[14] A person may defeat a tax deed only by proving one of the seven defects set forth in Indiana Code Section 6-1.1-25-16. *Swami, Inc. v. Lee,* 841 N.E.2d 1173, 1177 (Ind. Ct. App. 2006), *trans. denied.* One such defect exists if the three notices required by Indiana Code Sections 6-1.1-24-4 (notice of tax sale), 6-1.1-25-4.5 (notice of the right of redemption), and 6-1.1-25-4.6 (notice of petition for tax deed) were not in substantial compliance with the requirements prescribed in those Sections. I.C. § 6-1.1-25-16(7); *Schaefer,* 804 N.E.2d at 191.

[15] The notice of tax sale is governed by Indiana Code Section 6-1.1-24-4,[3] which at the time of these events required the county auditor to send notice of the tax sale (1) by certified mail, return receipt requested, to the owner(s) of the real property "at the last address of the owner for the property as indicated in the records of the county auditor"; and (2) by regular first class mail to the owners from whom the certified mail return receipt was not signed and returned." The statute at the time further provided,

---

[3] The version of Indiana Code section 6-1.1-24-4 was effective from March 14, 2012 to December 31, 2014. The statute was subsequently amended by P.L. 247-2015, sec. 13, which became effective on January 1, 2015.

If both notices are returned due to incorrect or insufficient addresses, the county auditor shall research the county auditor records to determine a more complete or accurate address. If a more complete or accurate address is found, the county auditor shall resend the notices to the address that is found in accordance with this section. Failure to obtain a more complete or accurate address does not invalidate an otherwise valid sale.

* * * * *

Failure by an owner to receive or accept the notice required by this section does not affect the validity of the judgment and order. The owner of real property shall notify the county auditor of the owner's correct address. The notice required under this section is considered sufficient if the notice is mailed to the address or addresses required by this section.

[16] Next, Indiana Code Section 6-1.1-25-4.5 governs notices of the right of redemption. The version in effect at the time of these events,[4] provided in part that a person who purchases property at a tax sale must send notice of the sale and of the right of redemption "by certified mail" to "the owner of record . . . at the last address of the owner for the property, as indicated in the records of the county auditor"; and "any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest." Indiana Code Section 6-1.1-25-4.5(d) provided that a notice that

_____

[4] The version of Indiana Code section 6-1.1-25-4.5 was effective from July 1, 2014 to December 31, 2015. The statute was subsequently amended by P.L. 236-2015, which became effective on January 1, 2016.

was mailed to "the last address of the owner for the property, as indicated in the records of the county auditor" is "considered sufficient."

[17] Finally, if the owner of record does not redeem the property from the tax sale within the required period, the purchaser may petition the trial court for issuance of a tax deed. I.C. § 6-1.1-25-4.6.[5] The version in effect during the relevant period required that tax sale purchaser to provide "[n]otice of his filing of this petition . . . to the same parties and in the same manner as provided in section 4.5 of this chapter[.]" *See* I.C. § § 6-1.1-25-4.5, 6-1.1-25-4.6. Thus, Indiana Code Section 6-1.1-25-4.6 required that the notice of tax deed petition be sent by certified mail to "the last address of the owner for the property, as indicated in the records of the county auditor." Notice sent in such a manner was "considered sufficient." I.C. § 6-1.1-25-4.6(a).

[18] Here, the record reveals that the three statutory notices were initially sent by certified mail; however, each was returned bearing "RETURNED TO SENDER," "UNCLAIMED," and "UNABLE TO FORWARD" markings. App. p. 87, 97, 98. The Auditor then sent the notices by regular first class mail, as required by the relevant statutes. *See* I.C. § 6-1.1-24-4(a) (In addition [to sending notice of tax sale to the owner via certified mail, "the county auditor

---

[5] The version of Indiana Code section 6-1.1-25-4.6 was effective from July 1, 2014 to June 30, 2015. The statute was subsequently amended by P.L. 251-2015, sec. 22, which became effective on July 1, 2015.

shall mail a duplicate notice to the owner of record . . . by first class mail to the owners from whom the certified mail return receipt was not signed and returned"); *see Flowers,* 547 U.S. at 234-35 (holding that following up with regular mail after failed delivery of certified mail is an additional reasonable step that might increase chances of actual notice to the property owner.). It is undisputed that the Auditor also published the notice of tax sale in a newspaper.

[19] The second set of notices, sent by regular first class mail, was not returned to the Auditor. Had both sets of notices been returned, the Auditor's duty to search for a more complete or accurate address would have been triggered. *See* I.C. 6-1.1-24-4 ("If both notices are returned are returned due to incorrect or insufficient addresses, the county auditor shall research the county auditor records to determine a more complete or accurate address."). Nevertheless, the Auditor researched the records of the Allen County Auditor's Office to determine if a more complete or accurate address existed for JLP. *See* Appellant's App. Vol. II p. 87. That the search ultimately proved fruitless because JLP failed to supply an updated address is not a failing of the Auditor.[6]

---

[6] To be clear, a property owner's failure to provide an auditor with an updated address does not relieve the auditor of his or her statutory duties. *See Farmer's Mut. Ins. Co. of Grant and Blackford Counties v. M Jewell, LLC,* 992 N.E.2d 751, 759 (Ind. Ct. App. 2013) ("[W]e cannot conclude that a landowner's failure to provide the auditor's office with a correct mailing address excuses the auditor's failure to carry out his [or her] duties under [Indiana Code Section] 6-1.1-24-4.").

*See* I.C. § 6-1.1-24-4(a) (owner of the real property at issue "shall notify the county auditor of the owner's correct address").

[20] We reject JLP's suggestion that the fact of the Allen County zoning administrator having JLP's updated Pleasant Lake P.O. Box address indicates that the Auditor was derelict in failing to search all Allen County records to determine JLP's new address. JLP has presented no evidence to explain how the zoning administrator found its address or how the Auditor could have similarly located the updated address information. We cannot impute to the Auditor a duty to conduct a county-wide, inter-agency electronic records search, when no such obligation exists under Indiana's existing tax sale statutory scheme. *See Flowers,* 547 U.S. at 236 ("An open-ended search for a new address—especially when the State obligates the taxpayer to keep his address updated with the tax collector . . . imposes burdens on the State . . . ."). If the Legislature intends for the Auditor to undertake such a duty and to assume the attendant risks, it certainly knows how to do so.[7]

[21] Nor can we, as JLP urges, apply either of the readily distinguishable federal cases upon which JLP relies. In *Kelber, LLC, v. WVT, LLC, et al.,* 213 F. Supp.

---

[7] A decision to undertake an open-ended search not only imposes burdens upon the State, but is also potentially fraught with risk. Here, for instance, an open-ended search for an entity known only as "JLP" could steer an auditor's office far afield.

3d 789, 791-92 (N.D. W.Va. Sept. 30, 2016), Kelber's real property was sold at a tax sale. The purchaser requested that the state auditor send the certified notices of the tax sale proceedings to the purchaser's list of persons entitled to redeem the property. The purchaser also asked that the notices be sent via regular first class mail and published. When the certified notices were returned as undeliverable, the purchaser took no further steps to provide notice to Kelber. *Kelber* is distinguishable because the purchaser's duty to take additional reasonable steps to provide notice to Kelber was triggered and went unheeded. *See Kelber,* 213 F. Supp. 3d at 797 (["Purchaser] not only failed to take further steps after the unsuccessful delivery, it also demonstrated no desire whatsoever to ascertain the results of its notification efforts. Essentially, it closed its eyes and hoped for the best."). Such is not the case here, as we have discussed.

Also distinguishable is *Caplash v. Johnson,* 230 F. Supp. 3d 128 (W.D. N.Y. Jan, 18, 2017), which involved federal immigration officials' failure to pursue additional reasonable steps to notify a plaintiff of an outstanding USCIS request for evidence before denying his immigration petition. The *Caplash* court found that the immigration officials were specifically aware that Caplash would not receive the notice, but still failed to take additional steps to provide him with reasonable notice before denying his immigration petition. This distinction renders *Caplash* factually inapposite for purposes of analyzing JLP's claims.

[23] Here, the Auditor substantially complied with the statutes that govern the notices, and the manner of service that the Auditor chose was reasonably calculated, under the circumstances, to apprise JLP of the pending tax sale proceedings and to afford JLP an opportunity to object. *See Prince,* 992 N.E.2d at 220; *see also Sawmill Creek,* 964 N.E.2d at 220 (determining that county auditor's manner of service satisfied due process requirements, despite the property owner's failure to receive actual notice, because Auditor published notices in multiple ways, mailed notices to all known addresses, and obtained a title search in an attempt to find additional addresses for the owner).

[24] Based on the foregoing, we conclude that JLP was not denied due process, and the tax deed is valid; thus, the trial court properly denied JLP's motion to set aside the tax deed. Additionally, no genuine issue of material fact exists regarding the superiority of BLN's interest and title to the parcel, BLN's status as fee simple owner of the parcel, and as to whether BLN is entitled to judgment as a matter of law. Accordingly, the trial court properly granted summary judgment in BLN's favor in its action to quiet title.

## Conclusion

[25] We conclude that the trial court properly denied JLP's motion to set aside the tax deed. The trial court did not err in granting summary judgment in BLN's favor regarding BLN's quiet title action. We affirm.

[26] Affirmed.

May, J., and Bradford, J., concur.